WALLING, Administrator of Wage and Hour Division, United States Department of Labor v. HARNISCHFEGER CORPORATION.

Civ. No. 1087.

District Court, E. D. Wisconsin.

Dec. 31, 1943.

Victor M. Harding, Joseph D. Donahue, and Frank J. Delany, all of Chicago, Ill., for plaintiff.

Lines, Spooner & Quarles, Maxwell Herriott, and Leo Mann, all of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The question for decision in this case involves an interpretation of the overtime section of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, et seq. More particularly, a determination must be made as to the meaning of "regular rate" in Sec. 7(a) of the act, 29 U.S.C.A., § 207 (a), which provides that an employee shall receive compensation for work in excess of specified hours "at a rate not less than *one and one-half times the regular rate* at which he is employed." As a result of collective bargaining between defendant and the union which is the collective bargaining agent for defendant's employees, a contract was executed on December 9, 1942, superseding previous collective bargaining agreements. The contract classifies production employees into two groups called incentive and non-incentive workers, and provides for a basic hourly rate of pay for each of these types of workers. It also includes a provision for a defense wage adjustment and a bonus, both of which are applicable to each group.

Defendant's incentive or piece-rate system operates in the following manner: The various jobs performed by incentive workers are time studied by the management. The time which the job is shown to consume is multiplied by a "standard earning rate". The amount so computed becomes the "price" placed on that job. Thereafter when an employee is given work on a job which has been priced, he receives a job card bearing that price. The incentive to perform his job speedily and efficiently is held out to the worker, for he will then receive in compensation the price on the job and not merely his base rate of pay, assuming that he performs the work in less than the scheduled time shown in the time-study. Both employer and employee profit, the latter by earning piece rate compensation over and above his base rate, and the employer by increased production. The union contract contains provisions for correcting piece rates which turn out to be too high or too low. The testimony shows that an incentive worker averages between 10% and 25% over his base rate.

Secion 3(e) of the contract provides: " * * * for all purposes, the regular rate of pay at which each employee who participates in an incentive plan is employed, is the base rate of each such employee. * * * " Section 4(a) of the contract provides: "The Company will operate all shop departments on a basic eight (8) hour day and forty (40) hour week with time and one-half, computed for incentive workers on their base rate as heretofore defined in Section 3, paragraph (e) * * * ."

Approximately 50% of defendant's production employees are incentive workers. On each payday about 98% of all incentive workers receive some compensation over and above their base rate. In each payroll for incentive workers, piece-rate bonuses form about 22% of the compensation received by such workers, overtime excluded.

These workers are paid overtime at one and one-half times their base rate. Plaintiff here contends that irrespective of the wording of the contract, the incentive employees of the defendant are entitled to overtime computed on their base rate plus their piece-rate earnings.

Defendant contends that the contract in question is valid as it provides a specified wage in excess of the minimum required by the act, and contains a provision for payment of time and one-half for overtime. Defendant points to the language of the Supreme Court in Walling v. Belo Corp., 316 U.S. 624, 631, 62 S.Ct. 1223, 1227, 86 L.Ed. 1716: "* * * But it is agreed that as a matter of law employer and employee may establish the 'regular rate' by contract. * * *" Defendant argues that the provision of the contract in question, in designating the "base rate" as the "regular rate", as hereinabove quoted, falls squarely within that language.

This court has heretofore stated in Walling v. L. J. Mueller Furnace Co., 50 F. Supp. 561, 562, that the Belo case "was a five to four decision and its doctrine should not be extended beyond the facts in that case." The Belo case involved salaried employees whose hours of work fluctuated widely and who were desirous of working out a plan with their employer which guaranteed them a certain weekly salary. Since the Belo decision, several courts have held that any plan which lacks the element of a guarantee of a weekly wage does not fall within the scope of that decision. Walling v. Green Head Bit & Supply Co., 10 Cir., 138 F.2d 453; Walling v. Livernois, D.C., 50 F.Supp. 978; Scott v. Atlas Press Co., D.C., 49 F.Supp. 260.

Wages computed as a result of piece work are just as much a part of the regular compensation, and the employees have just as much right to the same, when earned, as they do to wages when computed on base rates. The language of the court in Walling v. Stone, 7 Cir., 131 F.2d 461, 464, well describes the situation as to defendant's incentive workers. It was there said that the "accurate way of describing defendants' system of compensation is as a piece rate system with a minimum hourly guaranty."

The sentence which defendant has quoted from the opinion in the Belo case does seem to give some basis for its contention that even though the court find the "regular rate" of wages to be one thing, the parties by contract may make some other basis the regular rate, by merely labeling it as such. I do not believe, however, that such an interpretation is warranted. The language on which defendant relies was not necessary to the Belo decision and I am convinced that the court did not intend to convey the idea that after the parties had worked out and agreed upon the compensation to be paid, they could then agree what the "regular rate" would be for overtime purposes.

It is my conclusion that judgment must go for the plaintiff.