**202**

**L. Metcalfe WALLING, Administrator of the Wage and Hour Division, United States Department of Labor, Plaintiff,**

v.

**HARNISCHFEGER CORPORATION, a corporation, Defendant.**

Civ. A. No. 1087.

United States District Court
E. D. Wisconsin.

June 21, 1956.

Stuart Rothman, Sol., Washington, D. C., Herman Grant, Regional Atty., U. S. Dept. of Labor, Chicago, Ill., James B. Leist, Atty., U. S. Dept. of Labor, Washington, D. C., for James P. Mitchell, Secretary of Labor.

T. W. Korb, Gen. Counsel, Peoria, Ill., for Harnischfeger Corp.

GRUBB, District Judge.

This is a motion by the defendant to vacate and dissolve an injunction entered February 5, 1944.

This judgment and decree was entered by the Honorable F. Ryan Duffy for the reasons set forth in his decision reported in 54 F.Supp. 326. In this decree it was

> "Ordered, adjudged and decreed that the defendant, Harnischfeger Corporation, a corporation, its agents, servants, employees, attorneys, and all persons acting or claiming to act in its behalf and interest, be and they hereby are, *permanently* enjoined and restrained from violating the provisions of * * * (Fair Labor Standards Act [29 U.S. C.A. § 201 et seq.]." (Emphasis supplied.)

The Circuit Court of Appeals reversed the judgment, 7 Cir., 145 F.2d 589, with direction to dismiss the complaint. Judge Minton dissented, page 593. On certiorari proceedings the United States Supreme Court reversed the Circuit Court of Appeals and affirmed the judgment of Judge Duffy, 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711. In neither of the appellate courts, so far as the decisions indicate, was a successful attack made upon the fact that the decree permanently enjoined the defendant.

The motion presently before the court is based upon two grounds:

(1) That the "defendant has fully complied with the terms thereof (the judgment) and with all of the provisions of the Fair Labor Standards Act, as amended." and

(2) That "It is no longer equitable that the said Judgment Order have prospective application."

This calls attention to Rule 60(b) (5) and (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provide that on motion and upon such terms as are just, the court may relieve a party from a final judgment for the following reasons: (5) that it is no longer equitable that the judgment should have prospective application; or (6) any other

reason justifying relief from the operation of the judgment.

Defendant submits an affidavit by one of its vice presidents setting forth that at the time of the entry of the decree defendant had only three plants, all located in Milwaukee; that at the present time defendant, either through divisions or subsidiaries, operates nine plants at widely separated locations, and has a total of 3,140 hourly-paid employees; that the products of the defendant have undergone a substantial change by the addition of new lines; that the total sales now are at the rate of $75,000,000 to $80,000,000 a year as compared to $34,-000,000 in 1943; that the management has undergone substantial change—of the eleven officers of the present company, only three held office in 1944; that between 1944 and 1956 the proportion of defendant's stock owned by the public has increased by more than 50%; that the method of rating or pricing jobs has been superseded by an entirely different system at a cost of $750,000 to the defendant, which change is 80% completed; that the new system eliminates overtime complications; that defendant has revised its methods for recording each employee's hours of work, now using time clerks who punch cards which record both job time and work time; that overtime is carefully watched and controlled; that the plant managers are instructed not to inaugurate any new pay plan without first checking it with Mr. Korb, its General Counsel, to make sure that it complies with the requirements of the Act; that defendant has complied fully with the terms of the decree and has paid out to former employees or on their behalf $973,487.06.

Plaintiff submits a counter-affidavit listing officers of the defendant in 1944 which shows that the defendant still has the same president, one of the vice presidents is the same, its then assistant secretary and general counsel is now secretary and treasurer, that three of the 1944 directors are still directors, that Walter Kasten was a director in 1944 and G. F. Kasten in 1954; that in 1954 the Harnischfeger family owned and controlled all of the outstanding preferred stock; that in October 1955 there were 1,780 shareholders; that the Harnischfeger Investment Company owned 59.44% of the common stock; and that Harnischfeger Investment Company was controlled by Walter Harnischfeger, president of the defendant corporation.

This court is not empowered to review, pass upon or consider the testimony and record that preceded Judge Duffy's findings and decree. That review has been had in the Circuit Court of Appeals and in the United States Supreme Court. This court is not empowered to inquire into the reasons that motivated Judge Duffy to make the decree *permanent*. The court is sure no one would question the fact that Judge Duffy well understood the meaning of the word "permanent" at the time he entered the judgment in question.

Many decisions have been cited by counsel but basically the determination of this motion must come within the holding of the United States Supreme Court in United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999. In that case the lower court had modified an earlier decree of the same court which enjoined certain things. It was the position of the defendant, which is supported by considerable evidence, that many changes had taken place since the prior decree. Because of those changes the lower court modified the former decree. The United States Supreme Court stated at page 119 of 286 U.S., at page 464 of 52 S.Ct.:

"We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting. Life is never static, and the passing of a decade has brought changes to the grocery business as it has to every

other. The inquiry for us is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow. No doubt the defendants will be better off if the injunction is relaxed, but they are not suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression. *Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.*" (Emphasis supplied.)

The court is unable to find that there are as many changes in the matter now under consideration as there apparently were in the Swift & Co. case. The Circuit Court of Appeals, Seventh Circuit, in Western Union Telegraph Co. v. International Brotherhood of Electrical Workers, 133 F.2d 955, had before it a situation where it was claimed that changes in the situation had been brought about by the passage of the Norris-LaGuardia Act, 29 U. S.C.A. § 101 et seq. The District Court, being of the opinion that that Act had legalized many acts prohibited under the decree, entered an order modifying the decree to conform with that Act. The Circuit Court of Appeals reversed the order. It relied upon United States v. Swift & Co., supra and Pennsylvania v. Wheeling & Belmont Bridge Co., 18 How. 421, 59 U.S. 421, 15 L.Ed. 435, wherein the court stated that, with reference to adjudication of the private rights,

"When they have passed into judgment the right becomes absolute, and it is the duty of the court to enforce it."

The court places great reliance upon the Swift case, pointing out that nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead the court to change what was decreed after the litigation. True, in that case the court referred the matter to the District Court to inquire into the good faith of the appellees and as to whether they had mended their ways

and turned over a new leaf. In the instant case the record indicates that the defendant has complied with the judgment and the law since the entry of the prior decree. That is a situation which the court cannot say was not in the contemplation of Judge Duffy when he made the decree permanent. One would be reluctant to conclude that Judge Duffy did not believe that the defendant would comply with his decree.

Would a modification serve "to effectuate or thwart the basic purpose of the original decree" which was to permanently restrain certain conduct? Applying that test one cannot say vacating the judgment would serve to effectuate the basic purpose of that decree. This court is not convinced that a sufficient showing has been made to comply with the test laid down in United States v. Swift & Co., supra.

The court in Bigelow v. Twentieth Century-Fox Film Corp., 7 Cir., 1950, 183 F.2d 60, at page 62, in referring to United States v. Swift & Co., supra, states:

"There, it was held, however, that the court was without power to modify the injunction in the absence of a proper showing of changed conditions not readily foreseeable at the time the decree was entered. As to the power of the court in the instant matter to modify, we think the same reasoning must be applied."

What changed conditions were shown which were not readily foreseeable at the time the decree was entered? Certainly compliance with the decree cannot be said to be such a changed condition. Expansion of business cannot be said to have been not readily foreseeable at that time. The change in personnel of minor officers at the end of the ten-year period was certainly foreseeable, but there has been apparently no change in the basic control.

Defendant relies heavily on the decision of the Court of Appeals (4th) in Tobin v. Alma Mills, 192 F.2d 133, 137. There the court, speaking through Chief Judge Parker, affirmed the District Court

in dissolving a permanent injunction under the Fair Labor Standards Act. It appeared from the decision that there had been some question of technical violations of the decree. It was also represented to the court that the application of the defendant was made because the owners of the stock of the defendant wished to sell it and the fact that the company was subject to the injunction was interfering with the sale. The court there takes the position that the injunction should not be continued indefinitely to add to the penalties prescribed by law additional penalties of fine and imprisonment for contempt of court, that there was no longer any reason to apprehend that the statute would be violated. The court distinguishes United States v. Swift & Co., supra, and states that—

"It is little short of absurd to contend that this decision requires that the consent decrees that the various administrative agencies have been obtaining should be extended in perpetuo against people who have been obeying the law over long periods and show no intention of doing otherwise."

The Court of Appeals (8th) in Tobin v. Little Rock Packing Co., 202 F.2d 234, affirmed a judgment of the District Court vacating a previous injunction under the Wage and Hours Act that had been in force for approximately ten years.

This court is bound by the decisions of the Court of Appeals as well as the United States Supreme Court. No oral testimony was taken. The entire record was presented by affidavits, briefs and arguments. There is nothing in the affidavits submitted on behalf of the plaintiff which would indicate that there is any great likelihood that the defendant has any present intention of violating the law. There is, however, evidence that the controlling management and controlling ownership are the same as they were when Judge Duffy made his findings and entered his judgment.

Practically speaking, this case presents a situation where no witnesses have been seen or observed by this court, where any findings of fact would be based purely on written record and arguments, so that in the event this court is erroneous in its view of the position of this Court of Appeals, defendant has a ready and inexpensive remedy by way of appeal.

Feeling that the record as presented does not show any substantial change in the situation excepting that the injunction has been complied with over a long period of time, the court feels compelled to deny the motion because of its feeling that obedience to the judgment over this period of years in and of itself does not justify granting the motion under the decisions of the United States Supreme Court and the Court of Appeals of this Circuit, notwithstanding the fact that apparently a different view is taken by the Courts of Appeal of the Eighth and Fourth Circuits.

Plaintiff may prepare a proposed order denying defendant's motion in accordance with this opinion, submitting the proposed order to defendant's counsel for approval as to form.