**L. Metcalfe WALLING, Administrator of the Wage & Hour Division, etc., Plaintiff-Appellee,**

v.

**HARNISCHFEGER CORPORATION, Defendant-Appellant.**

**No. 11869.**

United States Court of Appeals Seventh Circuit.

April 9, 1957.

Victor M. Harding, T. W. Korb, Milwaukee, Wis., for appellant.

Stuart Rothman, Solicitor U. S. Department of Labor, Bessie Margolin, Asst. Solicitor, U. S. Department of Labor, Washington, D. C., Herman Grant, Regional Attorney, U. S. Department of Labor, Sylvia S. Ellison, Irving J. Alter, Attorneys, United States Department of Labor, Washington, D. C., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Walling v. Harnischfeger Corporation, D.C.Wis.1943, 54 F.Supp. 326, 327, resulted in a judgment for the government and permanently enjoining the same defendant corporation now before us from violating the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The reversal of that case by this court, reported as Walling v. Harnischfeger Corporation, 7 Cir., 1944, 145 F.2d 589, failed to survive review by the Supreme Court and in Walling v. Harnischfeger Corp., 1945, 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711, the judgment of the district court was reinstated and affirmed.

Roughly twelve years later Harnischfeger sought to have the district court vacate the judgment and dissolve the injunction, entered on February 5, 1944, under Rules 60(b) (5) and (6), Rules of Civil Procedure, 28 U.S.C. This appeal is from a final order refusing to dissolve that injunction.

The motion, denied below, put forward two prongs for dissolving the basic injunction, that: (1) "defendant has fully complied with the terms, * * * and with all of the provisions of the Fair Labor Standards Act * * *" and, (2) "It is no longer equitable that the * * * judgment order have prospective application * * *." The affidavits were filed by Harnischfeger Corporation in support of its motion and the government produced a counter-affidavit.

By its reply brief defendant tells us its "case rests squarely upon the decisions of the 4th and 8th Circuits in" Tobin v. Alma Mills, 1951, 192 F.2d 133, and Tobin v. Little Rock Packing Co., 1953, 202 F.2d 234. On the other hand the district judge and the government rely upon United States v. Swift & Co., 1932, 286 U.S. 106, 52 S.Ct. 460, 76 L. Ed. 999, and Western Union Telegraph Co. v. International Brotherhood of Electrical Workers, 7 Cir., 1943, 133 F.2d 955. But all this goes further, for Harnischfeger speaking through counsel in its brief states: "We readily concede that the motion to dissolve the injunction was not based upon any claim of 'changed conditions.' We also concede that if the Swift case [United States v. Swift & Co., 1932, 286 U.S. 106, 52 S. Ct. 460, 76 L.Ed. 999] applies to the present situation, the trial court's ruling was correct." Nothing in this record suggests any sound reason for overturning that ruling. We would not approve trading Harnischfeger's sustained obedience for a dissolution of the injunction. Compliance is just what the law expects.

We are reviewing the district court's denial of Harnischfeger's motion to dissolve an outstanding injunction, a fact which would readily distinguish this case from Alma Mills and Little Rock Packing Co. The judgment lying behind the injunction, which Harnischfeger wants to be rid of, was approved by the Supreme Court and nothing appearing of record suggests itself to us that the district judge should have eradicated that injunction.

Judgment affirmed.