Philip B. FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, Plaintiff,

v.

RIVERS BODY FACTORY, INC., a corporation organized and existing under the laws of the State of Florida, Defendant.

Civ. No. 289–J.

United States District Court
S. D. Florida,
Jacksonville Division.
June 8, 1961.

Charles Donahue, Sol., Washington, D. C., Beverley R. Worrell, Regional Atty., Birmingham, Ala., William Fauver, U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Albert S. C. Millar, Jr., Hamilton & Bowden, Jacksonville, Fla., for defendant.

McRAE, District Judge.

This cause came on for hearing this date on defendant's motion to vacate a judgment entered in this cause on March 18, 1941, whereby the Court permanently enjoined the defendant from violating the provisions of the Fair Labor Standards Act of 1938 (52 Stat. 1060, 29 U. S.C.A. § 201 et seq.). Defendant was represented by counsel and appeared in person through its President, William C. Rivers; plaintiff was represented by counsel. Having considered the arguments and admissions of counsel, the record before the Court and the allegations in defendant's motion, and the Court being otherwise fully advised, it is the opinion of the Court that defendant has failed to show sufficient cause for vacating the aforesaid judgment. The Court is mindful of the holding of the Supreme Court of the United States in United States v. Swift & Co., 1932, 286 U.S. 106, 52 S.Ct. 460, 464, 76 L.Ed. 999; wherein the Supreme Court stated that a permanent injunction should not be modified in the absence of a clear showing of "grievous wrong evoked by new and unforeseen conditions" (which conditions have not been shown by the movants in this case); and the decision of the Seventh Circuit Court of Appeals in Walling v. Harnischfeger Corporation, 1957, 242 F.2d 712, 713, which gave direct application of the Swift decision to a motion to dissolve a permanent injunction under the Fair Labor Standards Act, where the record showed strict compliance with the injunction for a period of twelve years from the issuance of the injunction and up to the time the motion to dissolve was filed. There the court stated:

**134**

"We would not approve trading Harnischfeger's sustained obedience for a dissolution of the injunction. Compliance is just what the law expects."

It is, therefore,

Ordered, adjudged and decreed that the defendant's motion be, and the same hereby is, denied.