Peter J. BRENNAN, Secretary of Labor, U. S. Dept. of Labor, Appellant,

v.

THOR, INC., a corporation, Appellee.

No. 74–2034.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1975.

Decided May 12, 1975.

Jacob I. Karro, Atty., U. S. Dept. of Labor (William J. Kilberg, Sol. of Labor,

Carin Ann Clauss, Associate Sol., Frederick C. Havard, Atty., Marvin Tincher, Regional Sol., U. S. Dept. of Labor, on brief), for appellant.

S. D. Roberts Moore, Roanoke, Va. (Eugene E. Derryberry, Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for appellee.

Before ALDRICH, Senior Circuit Judge,* FIELD, Circuit Judge, and THOMSEN, Senior District Judge.**

PER CURIAM:

This is an appeal from an order dissolving an injunction restraining the defendant from violation of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938.[1] The injunction had been issued by the district court incident to a consent judgment entered on September 2, 1970.

On March 29, 1974, the defendant filed a motion to dissolve the injunction, stating in support thereof that subsequent to the entry of the judgment one John Whittle had become principal stockholder of the defendant, and upon his assumption of control and supervision of the corporation, he had initiated procedures designed to maintain appropriate records and monitor the corporate activities in such a manner as to insure that no violation of the Act would occur. The district judge found as a matter of fact that Whittle's representations were correct, and additionally noted that an investigation by the Secretary just prior to the filing of the motion disclosed no violations of the Act by the defendant. The district judge further found that the injunction was a continuing source of embarrassment to the defendant and tended to interfere with the orderly conduct of its business, and concluded that under these circumstances dissolution of the injunction was appropriate.

While we are well aware of the split among the circuits on this question,[2] we find this case to be controlled by our decision in Tobin v. Alma Mills, 192 F.2d 133 (1951), where we stated:

"[I]t cannot be said that there was abuse of discretion in dissolving such an injunction when it appears that it has been in effect long enough to accomplish the purpose for which it was granted and that there is no longer any reason to apprehend violation of the statute by the person enjoined." *Id.*, at 136.

Accordingly, the action of the district court is affirmed.

Affirmed.

ALDRICH, Senior Circuit Judge.

This case is not, by any stretch of the imagination, a big deal. Defendant's original failure involved only a relatively small amount of money, and it is true that, so far as appears, for three and a half years there has been no further default. At the same time, with due respect, I would find the facts considerably different from Tobin v. Alma Mills, 4 Cir., 1951, 192 F.2d 133. There there had been ten years observance. Furthermore, as distinguished from an undefined allegation of "embarrassment" in the conduct of its business, Alma Mills' owners had experienced a tangible problem in disposing of their stock. An injunction is always an embarrassment, and is so intended. Finally, while the change in management relied upon by the court in *Alma Mills* was demonstrably substantial, the only change in the case at bar is in stock ownership. Defendant still has the same president, who merely alleges that, by having acquired stock control, he can manage better than he could before.

I would not quarrel with ten years, but I do not think that my circuit would find this case distinguishable from Goldberg v. Ross, 1 Cir., 1962, 300 F.2d 151. However, in recognition of the fact that these cases are perhaps subjective, as a visiting judge I do not feel obliged to dissent.

---

* Honorable Bailey Aldrich, First Circuit, sitting by designation.

** Honorable Roszel C. Thomsen, sitting by designation.

1. Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended, 29 U.S.C. § 201 et seq.

2. *See,* Wirtz v. Graham Transfer and Storage Company, 322 F.2d 650 (5 Cir. 1963); Goldberg v. Ross, 300 F.2d 151 (1st Cir. 1962); Walling v. Harnischfeger Corp., 242 F.2d 712 (7 Cir. 1957). *Cf.,* Tobin v. Little Rock Packing Co., 202 F.2d 234 (8 Cir. 1953).