**FLEMING v. MANTE et al.**
**Civ. No. 23869.**

United States District Court
N. D. Ohio, E. D.
May 23, 1950.

392

Walter J. Heddesheimer, Cleveland, Ohio, for plaintiff.

Stanley Denlinger, William Creme, Akron, Ohio, A. R. Fiorette, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is a motion to vacate judgment pursuant to Rule 60(b) (6), Fed.Rules Civ. Proc. 28 U.S.C.A.

The action, one seeking treble damages for violation of the rent control act, was originally filed March 22, 1946. On January 16, 1947 a default judgment was entered in the sum of $1,608.00 and costs. On March 26, 1949, plaintiff made the judgment a lien upon the real property of the defendants.

At the time the action was filed Tony Mante was a patient in a tuberculosis sanatorium and he was not released until October, 1946. His wife was for part of this time supported by relief. However, the defendants did retain an attorney who filed an answer for them. In October, 1946, plaintiff's attorney sent the defendants' attorney a card with reference to setting this case for trial. In answer the defendants' attorney said that he was no longer retained by defendants and "if you wish to take a default judgment on the matter there is nothing that I can do about it. These people are penniless and unable to pay any attorney fee." The record does not show that the request for trial card was subsequently sent to the defendants or that they had knowledge of the date of trial, and under this court's rules the action should not have been placed on the trial calendar. The defendants' failure to appear and the consequent default judgment were undoubtedly the result of the letter of an attorney who did not represent the defendants, and perhaps the Government's too eager acquiescence in the suggestion of this attorney.

It is true that three years have passed since the judgment was entered. However, the notice of judgment which defendants received probably meant nothing to them, and the Government's failure to take any steps to enforce the judgment quite likely led defendants to believe that they were not liable in any way. It is also likely that this motion was filed soon after defendants learned of the judgment lien on their land. In any event, it is never too late to set aside an unjust judgment.

Defendants have offered to pay the amount of single damages, and the Court is willing to accept such compromise. If, however, plaintiff refuses this offer, the judgment of January 16, 1947 will be set aside.

Enter order accordingly.