John L. CRANE

v.

Herbert E. KERR et al.

Avis B. CRANE

v.

Herbert E. KERR et al.

Civ. A. No. 2110.

United States District Court,
N. D. Georgia,
Rome Division.

Sept. 22, 1971.

·Frank M. Gleason, Rossville, Ga., for plaintiffs.

Matthews, Maddox, Walton & Smith, Rome, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

Plaintiffs have filed a motion under Rule 60(b) F.R.C.P. for relief from the summary judgment granted defendants by this Court on June 29, 1970.

The motion is directed to what plaintiffs consider error of law in the Court's Order of 1970 and requests relief from same.

· Plaintiffs move under Rule 60(b) (6) which empowers the Court to grant relief to a party from a final judgment for any reason justifying relief from operation of the judgment. They contend

**312**

that such motion must be made within a reasonable time after the judgment, not to exceed one year.

The one year maximum limitation of time is spelled out in 60(b) as applying only to clauses (1) mistake, etc., (2) newly discovered evidence and (3) fraud. What is a reasonable time is enunciated in the decisions of the various circuits and districts.

■ The one year limitation is not necessarily a matter of right or a limit on time as to clause (6). The measure of time provided for under that clause is a "reasonable time." Clause (6) contains two internal qualifications to its application: First, the motion must be based upon some reason other than those stated in clauses (1)–(5); Second, the other reason urged for relief must be such as to justify relief. 7 Moore's Federal Practice, ¶ 60.27 [1] (2nd Ed., 1970).

■ Absent exceptional and compelling circumstances, a party will not be granted relief from a judgment under clause (6) even though relief from the judgment might have been obtained had an appeal been taken. Ackermann v. United States, 1950, 340 U.S. 193, 71 S. Ct. 209, 95 L.Ed. 207. This is no reason to justify relief. Moore, ¶ 60.27 [2]. Nor may clause (6) be used as a substitute for appeal. Ackermann, supra.

It has been ruled that the failure of the movant to allege, Ackermann, supra, n. 25, or to prove, if the allegation is controverted, United States v. Klapprott, D.C.N.J., 1949, 9 F.R.D. 282, aff'd. (3rd Cir. 1950), 183 F.2d 474, cert. den. (1950) 340 U.S. 896, 71 S.Ct. 238, 95 L. Ed. 649, an adequate reason for relief warrants denial. See Moore's, ¶ 60.27 [1], [2].

■ Moreover, the movant must ordinarily show a meritorious claim. Sebastiano v. United States, N.D.Ohio, 1951, 103 F.Supp. 278. Thus, if the movant can allege or prove circumstances causing the case to be exceptional or extraordinary, relief may be granted under clause (6), subject only to the reasonable time limitation. Cf. United States v. Williams, W.D.Ark., 1952, 109 F.Supp. 456; Fleming v. Mante, N.D.Ohio, 1950, 10 F.R.D. 391; Moore's, ¶ 60.27 [2]; In re Imperial "400" National, Inc., 3rd Cir., 1968, 391 F.2d 163. Plaintiffs have not done so and must be foreclosed from proceeding under Clause (6).

■■ Any error of law should have been corrected upon motion by plaintiffs under Clause (1). Relief from judicial error may be obtained under Clause (1) and must be requested within the time for appeal (30 days, Rule 4, F.R.A.P.) to comply with the requisite "reasonable time." This construction has been established as precedent in this Circuit in McDowell v. Celebrezze, 5th Cir., 1962, 310 F.2d 43 wherein the Court held that a "reasonable time" is "before the time for appeal has expired." Citing Sleek v. J. C. Penney Co., 3rd Cir., 1961, 292 F. 2d 256.

The rule was further elucidated in the Fifth Circuit when the Court stated:

"It is the view of this Court that under the present Rule [60 (b) (1)], a court is authorized under subsection (1) to correct a substantive 'mistake' of its own, if motion is made within a reasonable time, which would clearly encompass a time not exceeding the time allowed for appeal." Meadows v. Cohen, 5th Cir., 1969, 409 F.2d 750, 752, n. 4. Cf. Silk v. Sandoval, 1st Cir. 1971, 435 F.2d 1266, 1267; Moore, ¶ 60.22 [3].

The record does not reflect that any action was taken by plaintiff within a reasonable time after entry of the Order. Consequently, the Court finds it necessary to deny plaintiffs' motion for relief.