PUBLIC SERVICE COMMISSION OF INDIANA, AND HUGH W. ABBETT, LAWRENCE W. CANNON, ROSCOE P. FREEMAN, MEMBERS OF PUBLIC SERVICE COMMISSION OF INDIANA, AND GIRTON BROTHERS, INC., LCL TRANSIT COMPANY, KREVDA BROTHERS EXPRESS, INC., MILLER TRUCKING, INC., FRICK TRANSPORT, INC., LIQUID TRANSPORTERS, INC., LIME CITY TRUCKING CO., INC., QUALITY CARRIERS, INC., QUALITY CARRIERS OF INDIANA, INC., BEAVER TRANSPORT COMPANY, BEAVER TRANSPORT CO. OF INDIANA, INC., RUAN TRANSPORT CORPORATION, COURIER-NEWSOM EXPRESS CO., CLAIRMONT TRANSFER CO., INC., I. & S. MCDANIEL, INC., COMMERCIAL MOTOR FREIGHT, INC. OF INDIANA, TURNER TRUCKING COMPANY, INC., I.R.C. & D. MOTOR FREIGHT, INC., A. & H. TRUCK LINE, INC., TUCKER FREIGHT LINES, INC. v. JOSEPH SCHALLER AND ASSOCIATED FREIGHT LINES, INC.

[No. 572A253. Filed July 30, 1973.]

*Harold J. Bell, Bell & Bell,* of Indianapolis, for appellants.

*James L. Beattey, Frederick J. Graf, Martz, Beattey, Hinds & Wallace,* of Indianapolis, for appellees.

SULLIVAN, J.—The basic issues before us are whether or not the trial court erred in overruling Intervening Defendants-Appellants' Trial Rule 60 (B) Motion for Relief from Judgment and whether a hearing upon such Motion was required.

The appeal is a link in a chain of circumstances which began almost thirty-five years ago. The circumstances must be summarized in order to give background for consideration of the issues.

On December 23, 1938, the Public Service Commission issued a certificate of public convenience and necessity to Joseph Schaller as an intrastate motor carrier of property. It has been alleged that due to clerical error, this certificate contained a broader grant of powers than had been intended. Nevertheless, Schaller operated under this certificate until March 30, 1949, at which time Schaller entered into a contract for sale of the certificate to Associated Freight Lines, Inc., a corporation which had been formed by Mr. Schaller. Various truck lines appeared before the Public Service Commission as remonstrators against the application for transfer of the certificate to Associated, and the Commission, on July 13, 1950, entered an order modifying Schaller's certificate in order to limit it to the transportation of sand, gravel, cement and all other kindred products.

On September 8, 1950, Schaller and Associated filed a complaint in four paragraphs, seeking a declaration that the Commission's modification of the certificate was null and void, and for an injunction to prevent the Commission from

revoking, changing, modifying, amending or otherwise disturbing the certificate.

Subsequently, the Marion Superior Court, Room 4, on December 30, 1950, found for the plaintiffs and entered a permanent injunction barring the Commission from revoking, changing, modifying, amending or otherwise disturbing the certificate, and declared the prior modification by the Commission to be null and void.

However, on July 5, 1951, the Commission dismissed Schaller's and Associated's joint petition for approval of the transfer of the certificate. On August 16, 1951 Schaller and Associated returned to Marion Superior Court, Room 4, and sought an injunction directing the Commission to reinstate the petition and to grant the transfer. Venue for this action was changed to the Johnson Circuit Court which subsequently ruled that the Public Service Commission must approve the transfer of the certificate from Schaller to Associated.

The Public Service Commission responded some time later with an original action for a writ of prohibition filed in the Indiana Supreme Court. The Court's opinion, in *State of Indiana ex rel. Public Service Commission of Indiana* v. *Johnson Circuit Court* (1953), 232 Ind. 501, 112 N.E.2d 429, held that the certificate of public convenience and necessity constituted a property right, that the Johnson Circuit Court had properly directed the Commission to reinstate the Petition to Transfer but that the Johnson Circuit Court was without authority to mandate a decision thereon.

Apparently the transfer was never effectuated, and the certificate remained in Schaller's hands until his death on December 1, 1960, since which time the certificate has been held by his estate, which has continued his business. Associated Freight Lines became defunct, and its Articles of Incorporation were revoked and forfeited on October 3, 1961.

The instant action was initiated on January 21, 1971, when twenty trucking companies (hereinafter referred to as

Girton Brothers) filed a motion to intervene as parties defendant in the original 1950 injunction action in Marion Superior Court, Room 4. Intervention was granted and Girton Brothers filed a motion for relief from judgment under Trial Rule 60(B) "on the ground that it is no longer equitable that the judgment should have prospective application and the injunction issued herein be applied against the defendant, Public Service Commission of Indiana, on behalf of persons other than those in the relationship of the plaintiffs herein who are both now deceased or out of legal existence . . . ." Subsequently, Schaller's estate requested a determination upon the merits of the motion for relief from judgment without a hearing, arguing that, since the Public Service Commission had not appeared in the proceedings, the standing of Girton Brothers was questionable and further that the motion was without merit. On October 27, 1971, the court without a hearing entered an order denying the motion for relief from judgment, upon the ground that the motion was without merit and should be overruled. From this ruling, Girton Brothers appeal.

Throughout the present proceedings Girton Brothers treated the original judgment as if it were grounded solely upon protection of the innocent prospective purchaser (Associated) who relied upon the validity of the certificate. However, reading of the complaint and judgment reveal that such is not the case. The judgment expressly found for Schaller and Associated on all four paragraphs of their complaint. Paragraph 1 alleged that the Commission was without jurisdiction, power or authority to modify the certificate, and further that the order and decision were without basis in law and were unsupported by sufficient evidence. The allegations in the motion for relief from judgment that Schaller is deceased and Associated defunct have absolutely no bearing on the court's judgment upon Paragraph 1.

Similarly, Paragraph 2 of the 1950 complaint contends that the amendment of the certificate by the Commission constituted a taking of property without just compensation and due process of law. That the certificate does indeed constitute a property right was iterated by the Supreme Court in *State ex rel Public Service Commission of Indiana* v. *Johnson Circuit Court, supra*. The estate of Joseph Schaller is the present holder of the certificate and is the immediate, direct, lawful and representative successor-in-interest of Joseph Schaller. The equities with respect to Schaller's property interests in the certificate are therefore unchanged. Thus, the mere facts that Schaller, the original certificate holder, is deceased and that his proposed transferee, Associated, is defunct do not render continued effect of the injunction invalid or inequitable.

Girton Brothers contend that the trial court should have conducted a hearing on the Motion for Relief of Judgment and that the evidence before the court conclusively established their right to relief from judgment. We must therefore address ourselves to the scope of the rule which makes provision for the extraordinary relief sought by Girton Brothers. Rule TR. 60 (D) provides:

> "Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule."

Girton Brothers are correct in their assertion that the language of Rule TR. 60 (D) is mandatory. However, it is mandatory only for the presentation of "pertinent evidence" and when applied to a motion *allowed* by subdivision (B) of Rule 60. We therefore must look to the requirements for a motion for relief from judgment as set forth in 60 (B) not only to determine whether

a hearing was required but to determine as well whether the motion of Girton Brothers upon its face could qualify for the extraordinary remedy.

Rule TR. 60(B) states in pertinent part:

"(B) On Motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

* * *

"(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken."

Thus, it may be seen that in order to satisfy Rule TR. 60(B), a motion for relief from judgment must meet two requirements: first, it must qualify under one of the enumerated reasons for relief, and secondly, it must be made within a reasonable time. While there are no Indiana cases to assist our determination in this regard, Federal Rule 60(B) is identical insofar as pertinent. Federal precedent is therefore of persuasive value.

Girton Brothers claim that their motion for relief from judgment qualifies under Sections 7 and 8 of Indiana Rule TR. 60(B).[1] However, they do not indicate in what manner their motion is based on "other reasons justifying relief from the operation of the judgment." Apparently, they believe that Section 8 is coextensive with other sections. Such is not the case. The

---

1. The equivalent Federal sections are §§ 5 and 6.

provisions of the two sections are mutually exclusive. *Klapprott* v. *United States* (1949), 335 U.S. 601, at 613, 69 S. Ct. 384, judgment modified 336 U. S. 942, 69 S. Ct. 384; 11 Wright & Miller, *Federal Practice and Procedure* § 2864. Since Girton Brothers have not furnished us with an explanation of "other reasons" to justify relief herein, we must treat the motion for relief from judgment as having expressed only the reason which was argued, i.e., that it was no longer equitable for the judgment to have prospective application. The only changes in circumstance alleged by Girton Brothers are the death of Schaller and the dissolution of Associated Freight Lines, the prospective transferee at the time the injunction was issued. In this regard, it is to be noted that we are not here confronted with a request to mandate transfer of a Certificate or denial thereof. (As stated in *State ex rel Public Service Commission* v. *Johnson Circuit Court, supra,* the court cannot mandate such a decision), nor are we faced with an alleged arbitrary grant or refusal of such transfer upon grounds that such transfer would or would not be consistent with the public interest, or would or would not be contrary to the state transportation policy. See IC 1971, 8-2-7-17, Ind. Ann. Stat. § 47-1219 (Burns 1965).

In *Lubben* v. *Selective Service System, Local Board #27* (1972 1st Cir.) 453 F. 2d 645, 651, the 1st Circuit Court of Appeals discussed the elements which should be considered by the court in deciding whether prospective application of a judgment is inequitable:

> "In *United States* v. *Swift & Co.*, 286 U.S. 106, 52 S. Ct. 460, 76 L. Ed. 999 (1932), the Court held that it was the inherent right of a court of equity to modify an injunction in adaption to changed circumstances which rendered the injunction an instrument of wrong. The clause of Rule 60(b)(5) allowing for relief from the inequitable prospective application of a judgment was designed primarily to incorporate that inherent power, and the clause should be used in light of the *Swift* decision.

'There is need to keep in mind steadily the limits of inquiry proper to the case before us. We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, *whether* right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. . . . *Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions* should lead us to change what was decreed after years of litigation with the consent of all concerned.' Id. at 119, 52 S. Ct. at 464. (Emphasis added.)"

Thus, one of the necessary elements of a change in conditions permitting a judgment to be held no longer equitable is that such change must not have been reasonably forseeable at the time the original judgment was entered. See also *Bigelow* v. *Twentieth Century Fox Film Corp.* (1950 7th Cir.) 183 F. 2d 60; *Walling* v. *Harnischfeger Corp.* (1956 E.D. Wis.) 142 F. Supp. 202; and 11 Wright & Miller, *Federal Practice and Procedure,* § 2863 (1973 Ed.). If the validity of the trial court's dismissal without hearing depended solely upon a conclusion that the petition was without merit because the changes in circumstance were reasonably foreseeable, we would, however, be compelled to reverse and remand the cause for a hearing.

It cannot be held as a matter of law that the original injunction was entered as a *permanent* injunction without the contemplation by the parties that the certificate holder might die at some future time, or that a party seeking to operate by virtue of a contemplated transfer of the certificate might not perfect such transfer or might not operate thereunder. But neither could it be held that such circumstances were as a matter of law reasonably forseeable. The question is one of fact properly determinable after a hearing. The mandatory provision of 60(D) as to a hearing, however, is restricted to "pertinent evidence". If therefore, there is no evidence which could be pertinent to the allegations of the motion because such allega-

tions, even if true, would not warrant the relief sought, a hearing would be a futile proceeding. The motion here considered is based upon the allegation that the injunction is inequitable solely because its effect is applied for the benefit of persons other than Schaller and Associated.

As heretofore noted, the Schaller estate retains the same interest in the certificate as decedent held. The protective nature of the injunction as to Schaller's estate is therefore reason alone for denial of the motion for relief from the judgment.

The motion fares no better in satisfying the requirements contained in the second paragraph of Rule TR. 60(B): that "[t]he motion shall be made within a reasonable time . . .". The authorities are uniform in their agreement that this statement means exactly what it says. 4 Harvey and Townsend, *Indiana Practice Rules of Procedure Annotated,* § 60.8 and § 60.23; 11 Wright & Miller, *supra,* § 2866. The courts have found that a "reasonable time" under Rule TR. 60(B) varies with the circumstances of each case. Without repeating the above authorities' recapitulations of the lengths of time which were found to be unreasonable, suffice it to say that neither the treatises, nor appellants' arguments nor our own research has revealed a case which held that a hiatus of 21 years between the judgment and the motion for relief therefrom, or a span of 10 years between the discovery of conditions which allegedly alter the equities of a portion of the original judgment and the motion for relief based thereon were found to be reasonable under the meaning of Rule TR. 60(B). Girton Brothers did not allege in their motion that it had been filed within a reasonable time, nor did they give any excuse or extenuating circumstances to explain their apparent lack of diligence. Such failure is therefore fatal to their motion.

In view of the fact that the alleged equitable and legal grounds for relief here sought existed at least in part at the

time of the entry of the original judgment and continued unchanged to the present date, and in further view of the long and unexplained delay in the filing of the motion, we hold that it was proper for the trial court to conclude as a matter of law "that the motion of the intervening defendant is without merit and should be overruled." The motion was not "a motion allowed by subdivision (B)" as required by Rule TR. 60(D). The trial court's refusal to allow a hearing did not therefore constitute error.

Judgment affirmed.

Buchanan, P.J., and White, J., concur.

NOTE.—Reported at 299 N.E.2d 625.