H & A, INC. *v.* HOMER GILMORE.

[No. 3-476A81. Filed January 27, 1977. Rehearing denied March 8, 1977. Transfer denied June 10, 1977.]

*Steven W. Handlon,* of Hobart, for appellant.

*Lund & Weiser,* of Gary, for appellees.

HOFFMAN, J.—Plaintiff-appellant H & A, Inc. appeals from a trial court decision which set aside a previous default judgment entered against defendant-appellee Homer Gilmore for failing to file a responsive pleading. The issue raised on appeal

concerns whether the trial court pursuant to Indiana Rules of Procedure, Trial Rule 60(B)(8), abused its discretion in setting aside the prior judgment and allowing Gilmore's counterclaim.

On November 25, 1969, H & A, Inc. commenced this action against Gilmore for his failure to move a house in accordance with the terms of a contract between the parties. After entering his appearance Gilmore's attorney began negotiations for a settlement but failed to respond to H & A's original complaint. On November 4, 1970, after almost one year, H & A moved for a default judgment. On November 25, 1970, the trial court entered a default against Gilmore and set for hearing on November 30, 1970 the question of damages. During such hearing, an award of $5,170 was entered for H & A and against the absent Gilmore. At intervals subsequent thereto, H & A filed several petitions with the trial court in an attempt to collect on the judgment, but to no avail.

Within six months, the parties began new negotiations for a settlement which resulted in an agreement requiring Gilmore's payment of $1,500 to H & A prior to September 10, 1971. Although Gilmore paid $700 toward the settlement, the balance remained owing. Thus on April 8, 1974, H & A filed a "Petition in Proceedings Supplemental to Execution" and Gilmore was ordered to appear and "testify as to his nonexempt property." After retaining new counsel, Gilmore finally responded by filing on June 12, 1974, a motion to set aside the default judgment. In accord therewith, on September 9, 1975, the trial court sustained its previous entry of default but set aside the judgment as to damages and allowed Gilmore to interpose his counterclaim contesting the amount.

Drawing into consideration Trial Rule 60(B), *supra,* we note that its provisions are addressed to circumstances requiring specific relief from final judgments in order to render overall fairness and justice for extenuating circumstances. The rule provides in pertinent part:

"(B) Mistake — Excusable neglect — Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1)  mistake, surprise, or excusable neglect;

(2)  any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4)  judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\*    \*    \*    \*    \*    \*

(8)  any other reason justifying relief from the operation of the judgment.

"The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken."

From the foregoing it is apparent that Trial Rule 60(B)(8), *supra,* is the omnibus provision which gives broad equitable powers to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. *School City of Gary* v. *Continental Electric Co., Inc.* (1973), 158 Ind. App. 132, 301 N.E.2d 803 (transfer denied). Nevertheless under Trial Rule 60(B)(8), *supra,* the defaulted party must show that its failure to act was not merely due to an omission involving mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be affirmatively demonstrated. *Public Service Commission* v. *Schaller* (1973), 157 Ind. App. 125, 299 N.E.2d 625. *See also,* 4 Harvey, Ind. Pract.—Rules of Civ. Proc., 215, § 6.17.

H & A asserts that such special circumstances are not disclosed by the evidence in the case at bar, nor do the circum-

stances alleged disclose a need for the extraordinary relief of Trial Rule 60(B)(8), *supra*. Gilmore's on-going negotiation for a settlement and his claimed failure to receive actual notice are said to show only negligence. *See Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761 (transfer denied).

In the past, great deference has been paid to the discretion vested in a trial court when it is called upon to weigh the competing legal problems involved in whether to enter a judgment upon procedural default or render a decision on the merits. *Fitzgerald* v. *Brown* (1976), 168 Ind. App. 586, 344 N.E.2d 309; *Kreczmer* v. *Allied Constr. Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869 (transfer denied). However we fail to find the circumstances herein sufficient to allow such discretion to go unbridled.

Gilmore's motion filed pursuant to Trial Rule 60(B)(8), *supra,* presents a near classic allegation for relief under Trial Rule 60(B)(1), *supra,* although conceivably Trial Rule 60(B)(3), *supra,* is also urged. His assertion that on-going negotiation after the entry of a default judgment constitutes another "reason justifying relief" within the ambit of Trial Rule 60(B)(8), *supra,* appears to be nothing more than an effort to avoid the one-year time limitation of the more specific rules. Such an expedient is unacceptable in view of the exclusivity of Trial Rule 60(B)(8), *supra. Public Service Commission* v. *Schaller, supra* (1973), 157 Ind. App. 125, 299 N.E.2d 625; *See also,* 11 Wright & Miller, Federal Practice and Procedure, § 2864, at 219.

Even assuming arguendo that it was not unreasonable to consider involvement in negotiations encouraged by H & A as another reason justifying relief, we find the argument for the same untenable in the case at bar. The record discloses that Gilmore paid $700 toward the post judgment settlement but failed to remit the agreed upon balance of $800. His reasons for failing to uphold the settlement agreement concerned difficulties in proffering the check, including an inability to see

his attorney on the two attempted occasions and a reluctance to be more persistent because "it is pretty hard to get a parking place" in the area. Yet thirty-three months passed between the final date for payment provided in the post judgment settlement agreement and the filing of the motion to set aside default judgment. Thus Gilmore's own testimony reflects a cognizance of his failure to comply with the settlement as agreed.

Moreover Trial Rule 60(B)(8), *supra,* generally being asserted as a prayer for equitable relief constrains the discretion of a trial court to a standard of mutual fairness for the parties. Accordingly such equitable relief is properly subject to an equitable defense of laches; particularly here, where there has been an inexcusable delay in asserting a right coupled with a waiver of the settlement agreement by a chronic failure to meet its terms. Under such conditions we perceive no reason why Gilmore's equitable position deserves more favor than H & A's. *Citizens National Bank of Grant County* v. *Harvey* (1976), 167 Ind. App. 582, 339 N.E.2d 604.

Therefore the default judgment should not have been set aside. While relief was pleaded as appropriate for "any other reason", insufficient circumstances were shown to support the extraordinary operation of Trial Rule 60(B)(8), *supra,* partticularly in view of the unreasonable time delay of three years. Any other result would jeopardize the integrity of the rule and work to the disadvantage of more disciplined parties.

The judgment of the trial court setting aside the default judgment and allowing the counterclaim is reversed.

Reversed.

Garrard, J., concurs.

Station, P.J., concurs with opinion.

## CONCURRING OPINION

Staton, P.J.—I concur. Negotiations between the parties here is only important under Ind. Rules of Procedure, Trial Rule 60(B)(1) and (3) where one of the parties has suffered

a default judgment by reason of the negotiations. Later negotiations can only be considered if they entice the defaulted party to forego the setting aside of the default judgment within the one year limitation period. Assuming that grounds existed to set the judgment aside, an enticement to forego the setting aside would create sufficient grounds under TR. 60(B)(8). Without such an enticement, the issues that could have been litigated, including Gilmore's Counterclaim, are *res judicata*.

. NOTE.—Reported at 359 N.E.2d 259.