**Rodney S. JORDAN, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 49A02–8904–JV–165.

Court of Appeals of Indiana,
Third District.

Feb. 5, 1990.

Rehearing Denied March 14, 1990.

Susan K. Carpenter, Public Defender and Lee A. Smith, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Rodney Jordan appeals from the denial of his motion for relief from judgment. The procedural history of the instant appeal is summarized below.

In 1965, Jordan, then a juvenile, was adjudged to be a delinquent child, having committed an act which would be a crime if committed by an adult. Twenty years la-

ter, Jordan filed a petition for post-conviction relief with the Marion County Juvenile Division. The trial court summarily denied Jordan's petition, ruling that the post-conviction rules do not apply to delinquency matters.

The Supreme Court ultimately affirmed the trial court. *Jordan v. State* (1987), Ind., 512 N.E.2d 407. Jordan petitioned unsuccessfully for rehearing. In an opinion concurring in the denial of rehearing, Chief Justice Shepard suggested that Jordan could challenge the adjudication of delinquency with a motion for relief from judgment. *Jordan v. State* (1987), Ind., 516 N.E.2d 1054, 1055.

Accordingly, Jordan filed a motion pursuant to Ind. Trial Rule 60(B). Following an evidentiary hearing, the lower court denied the motion because it was not timely filed. Jordan contends that the trial court erred by denying his motion for relief from judgment.

T.R. 60(B) provides in pertinent part:
"On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

\*     \*     \*     \*     \*     \*

(6) the judgment is void;

\*     \*     \*     \*     \*     \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).
The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8)...."

A motion for relief from judgment pursuant to T.R. 60(B) is addressed to the sound discretion of the trial court. *Keystone Square v. Marsh Supermarkets, Inc.* (1984), Ind.App., 459 N.E.2d 420, 425.

Jordan maintains that his motion for relief from judgment falls within the purview of T.R. 60(B)(6). According to Jordan, the denial of effective assistance of counsel during the juvenile proceedings rendered

the adjudication of delinquency void. Jordan concludes that the trial court abused its discretion in finding his T.R. 60 motion to be untimely, because there is no time limit for an attack on a void judgment.

As Jordan observes, a judgment void on its face may be attacked at any time, either collaterally or directly. *City of Hammond v. No. Indiana P.S.C.* (1987), Ind.App., 506 N.E.2d 49, 51. However, the adjudication that Jordan was a delinquent is not void. The failure to accord Jordan constitutional rights was error. Yet it is undisputed that the trial court had jurisdiction of the subject matter, jurisdiction of the parties, and the power and authority to render the judgment in question.

> "Where a court has jurisdiction of the subject matter and of the person ..., and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however erroneous it may be." *State v. Dossett* (1977), 174 Ind.App. 501, 505–506, 368 N.E.2d 259, 262.

As an alternative argument, Jordan asserts that his motion for relief from judgment is within the scope of T.R. 60(B)(8). Sub-paragraph (8) of T.R. 60(B) is an omnibus provision that gives broad equitable powers to the trial court in the exercise of its discretion. *H & A, Inc. v. Gilmore* (1977), 172 Ind.App. 10, 12, 359 N.E.2d 259, 260. T.R. 60(B)(8) imposes a time limit based upon reasonableness. *Id.* To invoke the residual powers of T.R. 60(B)(8), a movant must show exceptional circumstances justifying extraordinary relief, and the movant must show that the proceedings were commenced within a reasonable time.

> *See Graham v. Schreifer* (1984), Ind. App., 467 N.E.2d 800, 803;
> *Public Service Commission v. Schaller* (1973), 157 Ind.App. 125, 131, 299 N.E.2d 625, 629.

The determination of what constitutes a reasonable time is a matter within the trial court's discretion. *State ex rel. Janesville Auto v. Superior Court* (1979), 270 Ind. 584, 586, 387 N.E.2d 1330, 1331. In making its determination, the court must consider the length of time that

elapsed from the date of the judgment to the date of the filing of the T.R. 60 motion, the circumstances of the delay, the diligence exercised by the movant, and the possibility of prejudice to the opposing party. *Graham v. Schreifer, supra,* 467 N.E.2d at 806.

In the case at bar, twenty-three years had elapsed from the date when Jordan was adjudicated a delinquent child to the date when Jordan filed his motion for relief from judgment. The trial court noted that Jordan was committed for an additional charge in 1971, at which time he knew or reasonably should have known that he could challenge the adjudication of delinquency. The court's observation was, in essence, a finding that Jordan had not exercised diligence. The length of time between the judgment and the T.R. 60 motion, coupled with Jordan's lack of diligence, supported the lower court's conclusion that the motion for relief from judgment was not timely filed. *See Richardson v. Lake Cty. Dept. of Pub. Welfare* (1982), Ind.App., 439 N.E.2d 722 (Absent a showing of diligence on the movant's part, there is no abuse of discretion in denying relief from judgment).

Jordan suggests that the burden of proving diligence should not have rested on him; rather, the State should have carried the burden of showing a lack of diligence on Jordan's part. Jordan's argument reflects confusion regarding the requirement of timeliness contained in T.R. 60 and the defense of laches.

Laches is a defense available to the party opposing a T.R. 60 motion. *Citizens National Bank of Grant County v. Harvey* (1976), 167 Ind.App. 582, 593, 339 N.E.2d 604, 611. Three elements comprise laches: (1) an inexcusable delay in asserting a right, (2) an implied waiver arising from knowledge of existing conditions and an acquiescence in them, and (3) other circumstances causing prejudice to the adverse party. *Id.* If the State had sought to oppose Jordan's motion for relief from judgment on the basis of laches, the State

would have been required to prove each of the above elements.

However, the defense of laches was not raised in the instant case. Relief from judgment was denied because Jordan did not comply with the prerequisite, expressly stated in T.R. 60(B), that his motion be filed within a reasonable time. The burden of showing compliance with the trial rule properly rested on Jordan, the moving party.

Jordan lastly questions the trial court's opinion that the denial of relief from judgment would not cause Jordan substantial harm. That finding, appended to the finding that the T.R. 60 motion was untimely, was mere surplusage.

The denial of Jordan's motion for relief from judgment is affirmed.

SHIELDS, P.J., concurs;

STATON, J., concurs in result.