Hill v. Probst, Treasurer, et al.

No. 14,828.

HILL v. PROBST, TREASURER, ET AL.

INJUNCTION.—*Specifications of Cause.*—*Must be Considered Separately.*—Where several specifications of cause for an injunction are assigned, they must. be considered separately, and they can not aid each other.

SAME.—*Railroad Aid Tax.*—*Election for.*—*Attempt to Set Aside.*—*What Must be Averred.*—In such a case a specification that an election to vote a railroad tax is void because of failure to give proper notice, without an allegation that the board of commissioners did not levy the tax sought to be enjoined, is demurrable.

RAILROAD.—*Tax in Aid of.*—*Tax Duplicate.*—*Entry upon.*—*Presumption.*— *County Commissioners.*—*Validity of Election.*—*Collateral Attack.*—The appearance of a railroad aid tax upon the tax duplicate creates the presumption that it was levied by the board of commissioners. The validity of the election authorizing it is necessarily reviewed in making the levy, and can not be attacked in an injunction proceeding.

SAME.—*County Commissioners' Record.*—*Petition for Tax.*—*Absence of Formal Order.*—*Tax List Entry.*—*Effect of.*—Where the proceedings of the board of commissioners contain no formal order granting the prayer of a petition for a railroad aid tax, an entry of the tax in the tax list of the township petitioning for it is sufficient to show that it was assessed.

EVIDENCE.—*County Commissioners' Record.*—*Entry in.*—*Parol Testimony.*— *Inadmissibility of.*—Parol testimony is inadmissible to prove that an entry in the commissioners' record, properly signed and attested, was placed there without their authority. It is wholly immaterial who prepared the entry, or that it was prepared with or without the authority of the board of commissioners. If they adopted and passed it, it was as effectual as if it had been prepared by their order.

SAME.—*Tax Duplicate.*—*Admission of in Evidence.*—The admission in evidence of a tax duplicate showing that one who seeks to enjoin the collection of a railroad tax is delinquent as to other taxes, is not objectionable.

PLEADING.—*Injunction Proceeding.*—*Complaint.*—*Demurrer.*— Where a demurrer is sustained to certain specifications in one paragraph of complaint for injunction and is overruled as to the same specifications in a subsequent paragraph, there is no available error.

From the Dearborn Circuit Court.

G. Downey, for appellant.

J. K. Thompson, H. D. McMullen and W. B. Johnson, for appellees.

Hill *v.* Probst, Treasurer, *et al.*

COFFEY, J.—This was an action instituted by the appellant against the appellee, as treasurer, in the Dearborn Circuit Court, to enjoin the collection of a tax voted by the legal voters of Center township, in Dearborn county, to aid the construction of a railroad.

In the original complaint the appellant, after averring the existence of the tax upon the tax duplicate of the county, alleges in four different specifications the reasons for the illegality of such tax, as follows:

1st. That said pretended election so held in said Center township was illegal and void, because the notices thereof were not posted until the 11th day of November, 1886, when the election was ordered by the board of county commissioners to be held, and was held, on the 23d day of November, 1886, the statutes of the State of Indiana in force at that time requiring that said handbills should be posted by the sheriff of the county three weeks prior to the day fixed for taking the vote of the township named in said petition.

2d. The said board of county commissioners did not at their regular June session, following said pretended election, or at any other time, make any order granting the prayer of said petition above named, nor did they in any other way, directly or indirectly, grant the said petition.

3d. The said board of county commissioners did not, at their regular June session, following said pretended election, or at any other time, make any order levying any special tax for the purpose of making such appropriation to said Louisville, Cincinnati and Dayton Railroad, as required by the statutes of the State in such cases made and provided; nor did said board at any time order said assessment of twenty cents on the one hundred dollars in valuation of the taxable property in Center township to be be placed on said tax duplicate for collection, but said erroneous and illegal assessment was so placed on said tax duplicate without the

proper order of the board of county commissioners and without authority of law.

4th. Said pretended special tax is improperly and illegally placed on said duplicate, because at the time it was so placed thereon the Louisville, Cincinnati and Dayton Railroad was not, and is not now, permanently located in said Center township.

The court sustained a demurrer to said first, third, and fourth specifications, and the appellant excepted. Appellant thereupon, with leave of the court, filed a second paragraph of complaint, in which he set out four specifications which he claims rendered the tax sought to be enjoined illegal, as follows:

1st. That said pretended election so held in Center township is illegal and void, because the notices thereof were not posted until the 11th day of November, 1886, when the election was ordered by the board of county commissioners to be held, and was held, on the 23d day of November, 1886, the statutes of the State of Indiana, in force at that time, requiring that said handbills should be posted by the sheriff of the county three weeks prior to the day fixed for taking the vote of the township named in said petition, and no notices were posted by any one acting for the sheriff, and by his authority, three weeks before said election, of which any return was made, and in fact no notices were posted.

2d. The said board of county commissioners of Dearborn county did not, at their regular session following said pretended election, or at any other time, make any order granting the prayer of said petition above mentioned, nor did they in any other way, directly or indirectly, grant the said petition.

3d. The said board of county commissioners did not, at their regular session following said pretended election, or at any other time, make any order levying any special tax for the purpose of making such appropriation to said Louisville, Cincinnati and Dayton Railroad as required by the statutes

of the State in such cases made and provided ; nor did said board, at any time, order said assessment of twenty cents on the one hundred dollars in valuation of the taxable property in Center township to be placed on said tax duplicate for collection, but said erroneous and illegal assessment was so placed on said tax duplicate without any order of the board of county commissioners and without authority of law.

4th. Said pretended special tax is improperly and illegally placed on said duplicate, because at the time it was so placed thereon the Louisville, Cincinnati and Dayton Railroad was not, and is not now, permanently located in said Center township.

The court sustained a demurrer to the first and second specifications of the second paragraph of the complaint, and overruled it as to the third and fourth, and the appellant excepted.

The appellee answered in two paragraphs. The first is a general denial, and the second avers the assessment of the tax sought to be enjoined by the board of commissioners of Dearborn county, setting out a full transcript of the proceeding of the said board in the matter of the petition for the assessment of a tax in Center township to aid in the construction of the Louisville, Cincinnati and Dayton Railroad.

A demurrer was overruled to the second paragraph of the answer, and an exception taken. Upon issues formed there was a trial by the court, resulting in a finding and judgment for the appellee.

The errors assigned are :

*First.* That the court erred in sustaining the demurrer to the first, third, and fourth specifications of cause in the complaint.

*Second.* That the court erred in sustaining the demurrer to the first and second specifications of cause in the additional second paragraph of complaint.

*Third.* That the court erred in overruling the demurrer to the second paragraph of the answer.

*Fourth.* That the court erred in overruling the motion for a new trial.

There seems to be no material difference in the specifications of cause in the first and second paragraphs of the complaint.

As the court overruled the demurrer to the second specification in the original complaint, and also overruled it to the third and fourth specifications in the second paragraph, there is no available error in sustaining the demurrer to the third and fourth specifications in the original complaint. If the court erred in its rulings as to these specifications, it corrected such error when ruling on the demurrer to the same specifications in the additional or second paragraph.

We need not, therefore, give the assignment of error calling in question this ruling any further consideration. The court, however, sustained the demurrer to the first specification in both the original and additional complaint, and it becomes necessary to inquire into the correctness of that ruling.

The practice of assigning several specifications of cause for an injunction in cases like this has been approved by this court as having the merit of convenience and economy of time and expense, as it saves the repetition of the whole statement of the levying of the tax with each specification of the objection thereto. The defendant in such case can either demur or answer as to each specification, and each of such specifications, when demurred to, is considered as a separate paragraph of complaint, and is considered in connection with the allegations preceding and following it in the complaint. It is evident, however, that the specifications, when so attacked, can not aid each other, but they must be considered separately. *Boden* v. *Dill,* 58 Ind. 273 ; *Mustard* v. *Hoppess,* 69 Ind. 324 ; *Hilton* v. *Mason,* 92 Ind. 157.

Reading the complaint in the light of this rule, and omitting all the specifications except the one now under consideration, there is no allegation that the board of commissioners did not levy the tax which the appellant seeks to enjoin. The

tax is found upon the tax duplicate, and as public officers are presumed to do their duty, it must be presumed to be there lawfully, and in accordance with the prayer of the petition, until the contrary is shown. It is true that the appellant alleges in the second paragraph of his complaint that the board of commissioners took no action, and made no order about or concerning said appropriation after ordering the election, but the law made it their imperative duty at the June term following the election to assess the tax if a majority of the votes cast was favorable thereto ; and such a general averment as the above is far short of an averment that at the June term following such election they did not levy such tax.

As the tax is found upon the duplicate, we must presume, therefore, in the absence of a specific showing to the contrary, that the board of commissioners levied the same. In making such levy they necessarily passed upon the validity of the election authorizing the same, and however erroneous the conclusion at which they arrived may be, it can not be attacked in a collateral proceeding like this. *Board, etc.,* v. *Hall,* 70 Ind. 469 ; *Reynolds* v. *Faris,* 80 Ind. 14 ; *Hilton* v. *Mason, supra.*

In our opinion the court did not err in sustaining the demurrer to the first specification in either the first or second paragraph of the complaint.

In the transcript of the proceedings of the board of commissioners of Dearborn county, set out in the second paragraph of the appellee's answer, there does not appear any formal order granting the prayer of the petition for a railroad tax, or any formal order levying such tax ; but in the assessment of the taxes for that year appears the following, in the list of townships, viz. :

Hill *v.* Probst, Treasurer, *et al.*

| CENTER. | Endowment Fund. | State Tax. | County Tax. | Township Tax. | Township Tuition | Special School. | Road Tax. | Road Tax—Cash. | Town Tax. | L. C. & D. R. R. Tax. | Total Tax on each $100. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ½ | 12 | 55 | 15 | 10 | 10 | 20 | 10 | | 20 | 1.68½ |

Following this is the following language : " There being no further business before the board they now adjourn, to meet Saturday, June 18, 1887.

"(Signed )    G. A. SWALES.

" Attest :  JULIUS SEVERIN, A. D. C."

It is claimed by the appellant that this is not sufficient to show an assessment of the railroad tax by the board of commissioners of Dearborn county, but we think otherwise. When construed in connection with the petition of the citizens of Center township to make an appropriation in aid of the construction of the Louisville, Cincinnati and Dayton railroad, we think it sufficiently appears that there was a tax of twenty cents on the one hundred dollars levied in that township for the purpose indicated in that petition. The court did not err in overruling the demurrer to the second paragraph of the answer.

It is claimed that the finding of the circuit court is not supported by the evidence. The record of the proceedings had before the board of commissioners, corresponding with the transcript set out in the second paragraph of the answer, was read in evidence. Under the construction we have placed upon that record it supported the finding and judgment of the court.

On the trial of the cause the appellant propounded to Mr. Severin, a witness, who had testified that he was auditor of Dearborn county at the June session of the board of commissioners, in 1887, the following question :

" Referring to commissioners' record No. 19, page 562, of said county, and more especially to the tabulated statement thereon, state whether or not the board of county commissioners authorized the placing in said statement of the column headed ' L. C. & D. R. R. Tax.' "

The court sustained the objection to this question, and the appellant then offered to prove by said witness that the column in said tabulated statement referred to was not placed in said statement by order of the board of county commissioners, but was placed there by the auditor himself, of his own volition, without any order of the board of county commissioners concerning the matter, and that the board of county commissioners never, at their June session, 1887, made any order of any kind with reference to said L. C. & D. railroad tax.

The tabulated statement referred to in the question is part of the record made by the board of commissioners of Dearborn county, and it was not competent for the appellant to contradict, add to, or detract from it by parol testimony. It was not proposed to prove by the witness that any change had been made in the statement since it was passed by the board and the record signed. It was wholly immaterial who prepared the tabulated statement, or whether it was prepared with or without the authority of the board of commissioners. If they adopted and passed it, it was as effectual as if it had been prepared by their order.

The court, also, over the objection of the appellant, permitted the appellee to read in evidence the tax duplicate showing that the appellant had not paid all his taxes. We are not advised as to the object sought to be attained by the introduction of this evidence, but we can see no objection to bringing before the court the tax duplicate upon which was the tax in controversy, as well as all other taxes assessed against appellant. We are unable to see how the appellant was injured by this ruling of the court.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Nov. 1, 1889.