F. C. RICHARDSON,
Respondent-Appellant,

v.

LAKE COUNTY DEPARTMENT OF
PUBLIC WELFARE,
Petitioner-Appellee.

No. 3–781A191.

Court of Appeals of Indiana,
Third District.

Sept. 16, 1982.

W. Henry Walker, William E. Davis, W. Henry Walker & Associates, P.C., East Chicago, for respondent-appellant.

Thomas C. Ridgely, Lake County Dept. of Public Welfare, Gary, for petitioner-appellee.

GARRARD, Judge.

Appellant Richardson was the father of a brain damaged child afflicted with cerebral palsy.

On November 6, 1975 the child was declared a dependent and neglected child and made a ward of the welfare department. Richardson was ordered to reimburse the department for its expenditures for the care of the child at the rate of $150 per month.

In August 1977 the child died and Richardson ceased making payments. On May 26, 1978 a contempt citation was filed against Richardson for his failure to make monthly payments. The case was subject to innumerable continuances. On January 7, 1981 Richardson filed what was denominated as a petition to dismiss and discharge. After hearing, his petition was denied on February 11, 1981. He then filed a motion to correct errors, which was denied, and this appeal follows.

The court's order of February 11 found that Richardson was subject to contempt of court for his asserted failure to make payments pursuant to the prior court order. The court, however, stayed further proceed-

ings concerning contempt pending this appeal.

Richardson contends that because the child for whose benefit the order was made is deceased, contempt should no longer be available to enforce the judgment. He asserts that any money still owed by him is merely in the nature of debt, and as such, is subject to ordinary execution process and the strictures against imprisonment for debt. We agree.

■ The statute under which the order was entered, IC 31–5–2–1 [repealed] provided that orders for support made pursuant thereto were enforceable by execution or attachment. We nevertheless acknowledge that the public policy supporting the use of the contempt power where there has been an appropriate personal order to pay support for a minor child is applicable. That policy, however, is no longer present once the child reaches majority or becomes emancipated. *Corbridge v. Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764. The reason is that the contempt remedy "is available, not for the protection of the one having custody of the child, but for the benefit of the child, so that it may not want for necessities during the period of its minority." 102 N.E.2d at 767.

Thus, the availability of a remedy by means of civil contempt proceedings in this case ceased with the death of the child in 1977. Any money owed to the welfare department may be collected through execution or attachment but not by means of contempt.[1]

■ The remainder of Richardson's argument seeks to attack the underlying judgment entered November 6, 1975. We agree with the trial court that this effort comes too late.

At the time of the 1975 order the court had jurisdiction of the subject matter and of the parties. Its judgment was not void and is, therefore, not subject to collateral attack. If the court erred in its interpretation of IC 31–5–2–1 [repealed], it was an error of law that should have been raised by direct appeal. Otherwise its decision became the law of the case.

■ Even if we consider Richardson's petition for discharge as a petition for relief from a judgment pursuant to TR 60(B), no grounds for relief are made out.

■ A motion under TR 60(B) is addressed to the equitable discretion of the court. It must be filed within a reasonable time and the burden of proof is on the movant. Absent a showing of diligence on the movant's part there is no abuse of discretion in denying relief. *Brendonwood Common v. Kahlenbeck* (1981), Ind.App., 416 N.E.2d 1335, *reh. den.* Ind.App., 421 N.E.2d 421.

Here there was neither allegation that the petition was reasonable nor evidence tending to excuse the delay. On the face of the record it appears that the petition seeking to challenge the order was not filed until more than six (6) years after the order was entered and some two and a half (2½) years after appellant knew the welfare department was seeking enforcement of the order by contempt. Under such circumstances it is clear that there has been no showing that the petition was filed within a reasonable time. *Public Service Commission v. Schaller* (1973), 157 Ind.App. 125, 299 N.E.2d 625.

The contempt proceeding against Richardson is ordered dismissed. In other respects the denial of Richardson's petition for discharge is affirmed.

HOFFMAN, P.J., and STATON, J., concur.

---

1. In the context used in such statutes "attachment" does not mean body attachment, but refers to the provisional remedy for taking property of the debtor into the custody of the law. *See, e.g., Boyer v. Meeks* (1929), 88 Ind. App. 450, 164 N.E. 501, 502.