**In the Matter of the WHITE RIVER CONSERVANCY DISTRICT, Appellant–Defendant–Cross–Appellee,**

**v.**

**COMMONWEALTH ENGINEERS, INC., Appellee–Plaintiff–Cross–Appellant.**

**No. 41A01–9101–CV–4.**

Court of Appeals of Indiana, First District.

July 30, 1991.

Rehearing Denied Oct. 9, 1991.

**1012**

Nelson G. Grills, Indianapolis.

Jon E. Williams, Van Valer & Williams, Greenwood.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

The White River Conservancy District ("District") appeals the judgment for Commonwealth Engineers, Inc. ("CEI") in CEI's action for payment for work performed under contract. We affirm in part, reverse in part, and remand.

## ISSUES

1. Are District's arguments barred by res judicata?

2. Is the contract between CEI and District void and contrary to law?

3. Did CEI perform services without a contract or fail to comply with the contract terms in filing claims for reimbursement?

4. Does District's failure to comply with the law in dispensing funds to CEI render CEI's claims invalid?

5. Is District entitled to set-off pursuant to the agreement providing for a return of its payment to CEI if District was dissolved?

6. Is CEI entitled to Ind. Appellate Rule 15(G) damages? CEI cross-appeals two issues:

7. Did the court err in failing to enforce the contractual prejudgment rate of 18% per annum?

8. Did the court err in failing to award damages for CEI's construction supervision services under an account theory or the doctrine of quantum meruit?

## FACTS

On October 2, 1984, District was created by court order to provide a sanitary sewer system under IND. CODE § 13-3-3-1 *et seq.* Funds were to be supplied by state and federal grants and loans, including En-

vironmental Protection Agency (EPA) construction funds and Farmers Home Administration (FHA) funds. The plan also contemplated the collection of user fees to maintain the sewer system once it was installed. District retained CEI to provide engineering services, i.e. plans and specifications, development of easements, preliminary plan of operation, soil boring evaluation, applications for user ordinance and permits, and applications for the FHA and EPA grants and loans. District entered a written agreement with CEI dated July 15, 1985. The contract was approved unanimously at District's December 16, 1985 board meeting. The contract was approved by the FHA on September 16, 1986, and by the EPA on November 21, 1986. Amendment A to the contract was signed on May 18, 1987. Amendment A provided for services not covered by the 1985 contract.

CEI submitted claims for payment of services dated February 20, 1986 through April 20, 1986. District approved these claims and paid CEI accordingly. Claims were submitted from May 16, 1986 through December 15, 1986, which District approved but stated that such claims would be paid when funds became available. Other claims filed from January 17, 1986 through July 18, 1988 were never approved or paid. CEI received a total amount of $95,990.60 from District.

District filed a petition to dissolve itself in Johnson County on July 3, 1986.[1] The court ordered District to pay its debts prior to dissolution. The court established a method of payment for District to pay CEI by a second order. The court of appeals dismissed District's appeals on both orders and the supreme court denied transfer.

On May 6, 1987, CEI filed this cause of action to recover payment under its contract or quantum meruit. On August 2, 1989, CEI filed a motion for summary judgment on the basis of res judicata. The trial court denied summary judgment. After a bench trial, the court entered judgment on September 18, 1990, finding the contract enforceable and ordering payment of CEI's

claims thereunder and prejudgment interest of 10%. The court disallowed recovery on CEI's two claims for payment for construction supervision services. District appeals the decision and CEI cross-appeals the amount of prejudgment interest and denial of the two construction supervision claims.

Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION

*Issue One*

First, we address CEI's contention that District's arguments are barred by res judicata. In the dissolution action, District petitioned for the court to dissolve District. CEI complained that District was obligated to pay CEI for services rendered. The court found that District owed CEI $160,776.24. Pursuant to I.C. § 13-3-3-97(a), the court refused to order dissolution until District's debts were paid. The court ordered payment to CEI. When District failed to pay CEI, the court issued a second order compelling District to pay CEI by assessing taxes. District appealed both court orders. The issues in the first appeal, Cause No. 41A04-8808-CV-254, were: whether irregularities in the appropriation of funds by District and District's failure to certify CEI's claims made the claims illegal. The first appeal was dismissed for District's failure to comply with Ind. Appellate Rule 2(C).[2]

In the second appeal, Cause No. 41A04-8903-CV-116, CEI urged dismissal claiming that the first appeal estopped relitigation of the same issues. We do not believe that a dismissal for failure to meet jurisdictional requirements is a decision on the merits. Res judicata requires a decision on the merits. *Kokomo Medical Arts v. Hutchens & Associates* (1991), Ind.App., 566 N.E.2d 1093, 1095. The dismissal based upon A.R. 2(C) did not decide the issues on the merits. Moreover, the trial court's order of payment of CEI's claims in

---

**1.** Cause No. 35,183.

**2.** Failure to comply with App.R. 2(C) was, at that time, a jurisdictional defect.

the dissolution action does not reveal the basis for the court's decision. CEI admits the court could have ordered payment based upon any of the following: the prima facie findings of the Natural Resources Commission upon obligations of a district petitioning to be dissolved; quantum valebant; or, the existence of a valid and enforceable contract. CEI fails to show that the issues raised in this appeal were determined upon the merits in the dissolution action and the related appeals. Therefore, we do not find CEI has established res judicata.

*Issue Two*

■ District raises several arguments to show that the contract was void and contrary to law. We consider District's argument that the contract is void because District failed to appropriate funds to cover its costs. IND. CODE § 36–4–8–12(b) prohibits District from entering obligations above the amount appropriated. Any obligations made in violation of this statute are void. However, IND. CODE § 36–1–12–3.5 allows contracts to be entered without an appropriation of funds. If the District determines by a two-thirds vote that it is expedient and in the public's best interest to enter a contract for engineering services without an appropriation of funds already made, statutes regarding appropriations do not apply to such contracts. *Id.* The trial court found that District approved the contract by a unanimous vote at the December 16, 1985 meeting. The unanimous approval of the contract to hire CEI reflects that District satisfied I.C. § 36–1–12–3.5. *See Hill v. Probst, Treasurer* (1889), 120 Ind. 528, 534–35, 22 N.E. 664, 666 (tax assessment statement adopted and passed was sufficient to show as assessment was granted, although no formal order appeared in the minutes).

■ Next, District argues that although the Johnson Circuit Court ordered payment of CEI's claims by taxation, CEI's claims cannot be paid because the plan does not contemplate payment from taxes. IND. CODE § 13–3–3–9 requires that the plan for the creation of District contain a provi-

sion to levy a tax to pay for implementing the plan. Therefore, District contends that because no authority exists in the plan for tax levy, CEI cannot be paid unless the plan is amended. We disagree. The plan provided for payment of design and construction expenses from EPA and FHA funds. Maintenance of the installed system was intended to be covered from user fees. None of these funds are available to pay CEI's valid claims due to District's actions. Therefore, in order to enforce payment of CEI's claims, the court has the power to order District to levy a tax. *See Dissette v. Dissette* (1935), 208 Ind. 567, 591, 196 N.E. 684, 694 (a court with jurisdiction has authority to issue orders as necessary to render its judgment effective).

■ Additionally, we note that funds would have been available if District had not asked FHA to return the application for a loan and caused the EPA grant to be terminated. District's actions prevented funds from being available to pay CEI. Therefore, District also is estopped from arguing that the plan does not allow a tax levy.

District further claims that the court erroneously relied upon estoppel to prevent District from asserting that the defects in failing to provide for appropriations in the plan and to make such appropriations precluded payment of CEI's claims. We do not consider District's argument further, because we do not find defects exist regarding appropriations since the exceptions to the statutory requirements provided by I.C. § 36–1–12–3.5 are met.

*Issue Three*

■ District contends that CEI performed services without a contract; or, if the contract is valid, then CEI failed to comply with the contract terms. Initially, District argues that it has no duty to pay for work performed prior to the effective date of the contract, which District alleges was on September 16, 1986, when FHA approved the contract. District and CEI signed the contract on December 16, 1985, which CEI alleges is its effective date. The contract specifically states that the engineering services during the design

phase and the additional engineering services in the design phase take effect when Attachment I is executed. Attachment I was executed on December 16, 1985. The record adequately supports the trial court's finding that the contract became effective on December 16, 1985 when the parties signed it. This finding is supported further by the fact that EPA required the plans and specifications—the work done by CEI be completed by April 30, 1986, before FHA approved the contract in September. We find that CEI performed services while its contract was in effect.

■■■ District also claims that CEI failed to follow the contract when submitting its claims for payment. Although CEI may not have complied with the exact contract terms for submission of claims, CEI's failure to do so does not invalidate its claims. CEI substantially complied with the contract in submitting its claims. District even accepted and approved many of the claims. Strict performance of the terms of a contract on the part of one party may be waived by the other. *FOP Lodge No. 52 v. Civil City of Elkhart* (1990), Ind.App., 551 N.E.2d 469, 471, *trans. dismissed.* District's approval of CEI's claims preclude District from asserting that CEI's claims were defective and therefore, uncollectible.

Additionally, District claims that additional engineering claims, totaling $100,-753.07, should not have been honored. District complains that CEI's claims for additional engineering services were not approved by the FHA as required by the contract. This argument fails because the additional engineering services were performed according to the contract and accepted by District. We found above that the contract was effective when signed before FHA's approval. Again, District's argument fails that such claims did not have to be paid.

*Issue Four*

■■■ District asserts that the claims cannot be paid because District failed to comply with various statutes and the Indiana State Board of Accounts rules. District's improper actions do not subvert

CEI's claims for services rendered. District also argues that because funds never became available to pay approved claims, District is not liable on those claims. District prevented funds from becoming available by withdrawing the application for the FHA loan. Therefore, District is estopped from making its argument. Although estoppel is not favored in regard to governmental entities, such as municipal districts, *see City of Crown Point v. Lake County* (1987), Ind., 510 N.E.2d 684, 687, it is proper here. When a municipal district seeks to deprive a person of compensation for services rendered, due to the neglect or omission of the municipal district to observe some matter of form, the municipal district is bound to honor its contract. *See City of Logansport v. Dykeman* (1888), 116 Ind. 15, 20–21, 17 N.E. 587, 590 (city council, who failed to place contract in record as required by law, was estopped from arguing such failure rendered contract void and claims uncollectible).

In light of the foregoing, District's claim fails that it is entitled to a set-off for the amounts paid without authority. District's failure to adhere to Indiana law with regard to processing claims does not invalidate CEI's claims arising from performance of a valid contract.

*Issue Five*

■■■ District seeks a refund on the basis of the contract provision allowing a return of payments to CEI if District was dissolved. CEI contends District failed to preserve its right to set-off by failing to request reimbursement in its answer. Although District correctly claims that a set-off may be raised defensively without an affirmative pleading, District ignores that the issue must be tried by the implied consent of the parties. *See Glover v. Ottinger* (1980), Ind.App., 400 N.E.2d 1212, 1215; Ind. Trial Rule 15(B). Implied consent results when evidence of the set-off is received at trial without objection. *Id.* When District raised the issue of set-off, CEI's objection was sustained. Set-off was not pleaded and was not tried by consent of the parties; therefore, we cannot consider the issue.

*Issue Six*

CEI also challenges the court's denial of its construction supervision claims. CEI contends the two claims were due under an account theory or quantum meruit. District contends it did not benefit from such service, so these theories fail. The trial court found:

"Regardless of the basis, for Construction Supervision, the Court refused to accept any of [CEI's] arguments that it is entitled to $9,459.00 plus interest for Construction Supervision Services. Under all of these agreements, no construction was commenced nor was any construction even close to commencement. Moreover, due to the Dissolution, under these agreements no construction will eve [sic] occur. Consequently, Construction Supervision fees are not allowed."

R. at 384(A). We find the record supports the trial court's finding and that the trial court properly denied CEI's construction supervision claims.

*Issue Seven*

 CEI challenges the court's award of 10% prejudgment interest, complaining that the contract provided for an 18% rate. District contends the court's order of 10% interest was within the court's discretion, because the 18% rate was unconscionable under IND. CODE § 26–1–2–302. The court stated:

"Prejudgment interest for non-payment is allowed by the contract (See Section D–Special Provisions). However, this privilege is limited by the maximum amount allowed by Indiana Law (Section D–Special Provisions) and if any provisions are held invalid and unenforceable. (Section A, la). This situation is replete with delays, lengthy applications, Judicial reviews, Agency reviews and financial problems. Moreover, from this point forward, necessary funds for payment of the judgment are limited by judicial determination, taxpayer abilities and the State Board of Tax Commissioners' approvals. Furthermore, Eighteen percent (18%) per annum is not acceptable to the Court, is not enforceable and should not be the maximum allowed by the State in these situations. Prejudgment interest should be discretionary with the Court pursuant to Quantum Meruit. Therefore, the Court DISALLOWS the 18% provision of Section D Special Provisions. The Court allows 10% prejudgment interest, an amount more consistent with the District's taxpayers ability to pay."

Record at 384(A). I.C. § 26–1–2–302 provides that if a contract or any clause is unconscionable at the time it was made, the court may refuse to enforce the contract or the clause. A contract is unconscionable if a great disparity in bargaining power exists between the parties which leads the weaker to sign a contract unwillingly or without being aware of its terms. "The contract must be 'such as no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept.' " *Progressive Construction and Engineering Co. v. Indiana and Michigan Electric Co.* (1989), Ind.App., 533 N.E.2d 1279, 1286. A contract is not unenforceable merely because one party enjoys advantages over another. *Dan Purvis Drugs, Inc. v. Aetna Life Insurance Co.* (1980), Ind.App., 412 N.E.2d 129, 131, *trans. denied.* Because the evidence does not show the 18% interest rate was unconscionable at the time it was agreed upon, we find the court erred in reducing the interest rate to 10%.

*Issue Eight*

 CEI seeks damages under Ind. Appellate Rule 15(G). Although District failed to prevail on its appeal, we do not find its contentions are frivolous. Therefore, we deny CEI's request for damages.

We affirm the trial court's decision on all of the issues, except for its determination of prejudgment interest on which we remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Costs are assessed against the Appellant.

BAKER and HOFFMAN, JJ., concur.