Enrique MAFNAS & Sherry Mafnas,
Appellants–Petitioners,

v.

OWEN COUNTY OFFICE OF FAMILY
& CHILDREN, Appellee–
Respondent.

No. 60A01–9703–JV–90.

Court of Appeals of Indiana.

Oct. 6, 1998.

John H. Shean, Bloomington, for Appellants–Petitioners.

Paul Watts, Spencer, for Appellee–Respondent.

## OPINION

RATLIFF, Senior Judge.

### Case Summary

Respondents–Appellants Enrique Mafnas and Sherry Mafnas (the "Mafnases") appeal the trial court's judgment in favor of the Owen County Office of Family and Children ("OFC") in a children in need of services ("CHINS") proceeding.

We affirm in part and reverse in part, and remand for further action.

### Issues

OFC raises for our review an issue which may be determinative. Therefore, we address the issue before we address the issues raised by the Mafnases. We restate OFC's issue as:

I. Whether the Mafnases' waived two of the issues they raise in this appeal.

The Mafnases raise four issues for our review, which we consolidate and restate as:

II. Whether a juvenile court has jurisdiction to make a CHINS determination after the eighteenth birthday of the child in question.

III. Whether a juvenile court may order the parents to reimburse OFC where a CHINS determination was made after the child's eighteenth birthday.

IV. Whether a juvenile court has the authority to find the parents of children in need of services in contempt and to enforce the contempt by incarcerating the parents.

### Facts and Procedural History

On May 19, 1994, OFC filed a petition alleging that the Mafnases had physically abused and neglected four of their children. On July 25, 1994, one of the children, Ricky, turned eighteen. Approximately a month later, a fact-finding hearing was held on the petition to determine whether the children should be found to be CHINS. The Mafnases filed a motion to dismiss the petition as it pertained to Ricky on the basis that the juvenile court lost subject matter jurisdiction in the matter when Ricky turned eighteen.

On November 14, 1995, the juvenile court issued a judgment that all the children, including Ricky, were CHINS. The court found that it had "lost jurisdiction over [Ricky] because he was not adjudicated to be a child in need of services before his 18th birthday." (R. 8). The court also found that it could not "exercise any jurisdiction over [Ricky] at this time in this case." (R. 8–9). The court entered judgment in accordance with these findings. (R. 9–10).

On January 2, 1996, OFC filed a petition requesting that the Mafnases be ordered to reimburse the county for the cost of services provided for the children. The court issued a dispositional order granting the petition and requiring the Mafnases to pay $25.00 per month toward the $24,518.33 expended by the county for services provided to the Mafnases' children. The court also entered a judgment against the Mafnases for the amount owed to the county.

The Mafnases attempted to appeal the juvenile court's November 14 order and the dispositional order. The appeal was dismissed because of the Mafnases' failure to timely submit a record of proceedings to this court.

On July 1, 1996, OFC filed a motion for rule to show cause as to why the Mafnases should not be held in contempt for failing to pay the monthly payments. The court found the Mafnases in contempt and ordered them to serve a thirty day jail sentence. Thereafter, the Mafnases filed an emergency motion to vacate the order of contempt. After a hearing, the court denied the motion, but stayed execution pending this appeal.

### Discussion and Decision

#### I. Waiver

■ OFC contends that the first two issues raised by the Mafnases are waived because the issues were available on the first

appeal. OFC cites *Citizens Action Coalition of Indiana, Inc. v. Northern Indiana Public Service Co.*, 582 N.E.2d 387 (Ind.Ct.App. 1991), and *Indiana Farm Gas Production Co., Inc. v. Southern Indiana Gas and Electric Co.*, 662 N.E.2d 977, 981 (Ind.Ct.App. 1996), *trans. denied*, in support of its contention.

In *Citizens Gas*, this court made a determination on the merits in the first appeal. The appellant attempted to raise an issue in the second appeal that was ripe for review at the time the first appeal was filed. We held that an issue ripe for review, but not raised in the first appeal, will be considered as finally determined and will be deemed affirmed. 582 N.E.2d at 391 (*quoting Ohio Valley Trust Co. v. Wernke*, 179 Ind. 49, 99 N.E. 734, 736 (1912)). In *Indiana Farm Gas*, the appellant attempted to raise an issue already decided in the first appeal. We held that the law of the case doctrine prevented the appellant from doing so. 662 N.E.2d at 981–82.

■■■■ Both *Citizens Gas* and *Indiana Farm Gas* presuppose a decision on the merits in the first appeal. When the first appeal is dismissed for failure to meet jurisdictional requirements, the appellant may be allowed, in a subsequent appeal, to raise issues which were raised in the initial appeal. *See White River Conservancy District v. Commonwealth Engineers, Inc.*, 575 N.E.2d 1011, 1014 (Ind.Ct.App.1991), *reh'g denied, trans. denied*. Furthermore, the first two issues raised by the Mafnases in this appeal go to the question of whether the juvenile court had subject matter jurisdiction. The issue of lack of jurisdiction may be raised at any

time; if the parties do not raise the issue, the court is required to consider the issue *sua sponte*. *Greenbrier Hills, Inc. v. Boes*, 473 N.E.2d 1040, 1042 (Ind.Ct.App.1985).[1] The Mafnases did not waive the issues raised in this appeal.[2]

## II. *Propriety of the Juvenile Court's CHINS Finding*

■■■ The Mafnases contend that the juvenile court lacked jurisdiction to enter a CHINS finding regarding Ricky. They further contend that the CHINS finding should be dismissed.

Ind.Code 31–6–2–1.1[3] grants exclusive original jurisdiction to the juvenile court in proceedings in which a child is alleged to be a child in need of services. Jurisdiction over any child adjudicated to be a CHINS may continue until the child reaches his twenty-first birthday. Ind.Code 31–6–2–3(a)(1). However, a "child" is a person who is "under eighteen years of age" or "has been adjudicated a child in need of services before the person's eighteenth birthday." Ind.Code 31–6–1–9.

■■■ In order to insure that it has subject matter jurisdiction over a CHINS proceeding, a juvenile court must strictly comply with the CHINS statutes. *In re Heaton*, 503 N.E.2d 410, 412 (Ind.Ct.App.1986). When a court is without jurisdiction, it possesses the power to do nothing except enter an order of dismissal. *Overpeck v. Dowd*, 173 Ind.App. 610, 364 N.E.2d 1043, 1049 (Ind.Ct.App. 1977), *modified on denial of reh'g by* 173 Ind.App. 610, 368 N.E.2d 1175 (1977). A judgment not authorized by statute is void,

1. OFC cites *Chicago & E.R. Co. v. Dinius*, 180 Ind. 596, 103 N.E. 652 (1913), for the proposition that jurisdictional issues can be waived. We note that this case deals with the waiver of an issue of jurisdiction over the person, not subject matter jurisdiction. We further note that our supreme court has recently held that even an issue of personal jurisdiction may be raised at any time. *See Stidham v. Whelchel*, 698 N.E.2d 1152 (Ind. 1998).

2. OFC contends that this appeal should be dismissed because of the Mafnases failure to correctly paginate the record of proceedings. OFC specifically contends that it was "substantially prejudiced" by the Mafnases' failure because it could not "make cogent references to the record

or arguments in response to [the Mafnases'] claims on that existing record." Appellee's Brief at 7.

While it would have been better for the Mafnases to accurately paginate the record of proceedings, we do not find any substantial prejudice to OFC. The sparse record contains a table of contents that accurately lists all of the pleadings and orders pertinent to the issues raised in this appeal. Furthermore, the issues do not turn on disputed facts.

3. The juvenile code has been recodified. The statutes cited in this opinion are those which were in effect at the time the juvenile issued its orders.

and it is without force or effect. *Heaton,* 503 N.E.2d at 414.

In the present case, the juvenile court recognized that it lacked jurisdiction to hold Ricky in custody after his eighteenth birthday. The court did not, however, recognize any limitation upon its power to make a determination that Ricky was a CHINS. It is clear from a reading of the statutes that the court had subject matter jurisdiction to determine whether Ricky was a CHINS only until the time that the Ricky reached eighteen years of age. The court's determination that Ricky was a CHINS made after his eighteenth birthday was void.

### III. Propriety of the Juvenile Court's Dispositional Order

■ The Mafnases contend that the juvenile court lacked jurisdiction to order them to reimburse the county for amounts incurred for the care of Ricky. Ind.Code 31–6–4–18(a) states that § 18 applies to a financial burden sustained by a county as the result of costs paid by the county under subsection (b), including costs resulting from the institutional placement of a child adjudicated a delinquent child or a child in need of services. Ind.Code 31–6–4–18(b)(1) states that the county shall pay the costs of any services ordered by the juvenile court for any child. Ind.Code 31–6–4–18(b)(2) states that the child's parent shall reimburse the county as provided under § 18. The statute goes on to provide that the parent of a child (1) adjudicated a delinquent child or a child in need of services (§ 18(c)); (2) returned to Indiana under the interstate compact on juveniles (§ 18(d)); and/or (3) protected by the appointment of a guardian ad litem (§ 18(i)), shall be financially responsible for the reimbursement of the county.

In the present case, there was no valid determination that Ricky was either a delinquent or a child in need of services. Furthermore, there is no indication that Ricky was returned to Indiana under the interstate compact on juveniles or that a guardian ad litem had been appointed for him. There was no provision in § 18 which gave the juvenile court the power to order reimbursement of the amounts expended by the county for Ricky's care.

### IV. Propriety of the Order of Contempt and Incarceration

■ The Mafnases contend that the juvenile court lacked the authority to find them in contempt for their willful failure to reimburse the county for money expended to provide care for their three unemancipated children.[4] The Mafnases further contend that even if the contempt finding was proper, the court lacked authority to incarcerate them for failure to pay a debt.

In *Pettit v. Pettit,* 626 N.E.2d 444, 447 (Ind.1993), our supreme court held that it did not intend to change the general rule that money judgments are not enforceable by contempt. However, the court did hold that "contempt is always available to assist in the enforcement of child support, at least in respect of unemancipated children, including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts." *Id.* The costs to be reimbursed in the present case represent the money expended by the county to care for the children while they were in the county's custody. In effect, the costs represent the support required for the children during this period. Because the costs are in the nature of child support, we believe that *Pettit* controls and enforcement by contempt may be available.

The Mafnases contend that the juvenile court's judgment may not be enforced by contempt and incarceration because the children were in their care at the time the court issued its reimbursement order. The Mafnases rely on *Corbridge v. Corbridge,* 230 Ind. 201, 102 N.E.2d 764 (1952) (holding that contempt was improper to enforce a child support judgment after the child was emancipated), and *Richardson v. Lake County Dep't of Public Welfare,* 439 N.E.2d 722 (Ind.Ct. App.1982) (holding that, under *Corbridge,* contempt was improper to enforce a child support judgment after the child's death), in support of their contention.

---

4. As we found in Issue III above, the portion of the dispositional order pertaining to Ricky is improper. Therefore, the portion of the trial court's judgment pertaining to Ricky is also improper.

We decline the Mafnases' invitation to extend the application of either *Corbridge* or *Richardson* to the facts before us. We hold that application of *Corbridge* should be limited to cases where the child who was the subject of a prior child support order is emancipated. We further hold that *Richardson* should be limited to cases where the child is no longer under the care of its parents by virtue of its death.

The Mafnases cite *Chapman v. Chapman,* 512 N.E.2d 414 (Ind.Ct.App.1987), for the proposition that enforcement of a judgment by contempt and incarceration violate Article I, § 22 of the Indiana Constitution. In *Pettit,* the supreme court held that child support obligations arise out of a natural duty of the parent and not from a debt of the obligor. 626 N.E.2d at 445. The court also held that "the proscription against imprisonment for debt in Article I, § 22 does not prevent the use of contempt to enforce child support obligations." *Id.* Furthermore, the court specifically disapproved *Chapman.* *Id.* at 447.

### Conclusion

The juvenile court lacked the authority to adjudicate Ricky as a child in need of services. The juvenile court also lacked the authority to order the Mafnases to reimburse the county for the costs attributable to Ricky's care. Accordingly, the court erroneously found the Mafnases in contempt for failure to reimburse the county for these costs. However, the juvenile court's reimbursement order applying to the other children was proper and could be enforced by contempt and incarceration.

Affirmed in part and reversed in part. Remanded for further action consistent with this opinion.

STATON and ROBB, JJ., concur.