In re the Matter of T.G.

Sherri L. Western, Appellant,

v.

State of Indiana, Appellee.

No. 32A01–9909–JV–331.

Court of Appeals of Indiana.

April 13, 2000.

Eric N. Allen, Kevin G. Harvey, Greenfield, Indiana, Attorneys for Appellant.

Patricia A. Baldwin, Danville, Indiana, Attorneys for Appellee.

Paula M. Sauer, Danville, Indiana, Guardian Ad Litem.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Mother–Appellant Sherri L. Western (Mother) appeals the trial court's adjudication of her daughter, T.G., as a child in need of services (CHINS).

We reverse and remand with instructions to dismiss this action.

### ISSUE

Western presents three issues, one of which is dispositive and is restated as: whether the trial court lacked subject matter jurisdiction to find that T.G. was a child in need of services.

### FACTS AND PROCEDURAL HISTORY

In March 1999, a juvenile detention report and probable cause affidavit were filed alleging T.G. to be a child in need of services due to allegations of child seduction by her stepfather while in the custody of her mother. A guardian ad litem (GAL) was appointed for T.G., and the GAL requested an emergency hearing. On March 29, 1999, a hearing was held on the GAL's petition for emergency hearing. On April 12, 1999, Mother entered a denial to the CHINS petition, and the court set the matter for fact-finding hearing. Five days later, on April 17, 1999, T.G. celebrated her eighteenth birthday. After two continuances, the trial court held a fact-finding hearing in this case on June 1, 1999, and found T.G. to be a child in need of services. This appeal ensued.

### DISCUSSION AND DECISION

Mother contends that the trial court lacked subject matter jurisdiction to determine whether T.G. was a child in need of services. Specifically, Mother argues that the court, in derogation of applicable statutes, held a fact-finding hearing and made a final determination regarding T.G.'s status as a CHINS following T.G.'s eighteenth birthday.

■ Initially, we note that the issue of the court's lack of jurisdiction may be raised at any time. *Mafnas v. Owen County Office of Family & Children,* 699 N.E.2d 1210, 1212 (Ind.Ct.App.1998), *reh'g denied, trans. denied.* Moreover, if the parties do not raise the jurisdictional issue, the court is required to consider the issue sua sponte. *Id.*

■ Ind.Code § 31–30–1–1 grants exclusive original jurisdiction to the juvenile court in proceedings in which a child is alleged to be a child in need of services. A "child" is defined as a person who is under the age of eighteen or who is eighteen, nineteen or twenty years of age and who "has been adjudicated a child in need of services *before the person's eighteenth birthday.*" Ind.Code § 31–9–2–13 (emphasis added). However, jurisdiction over any child adjudicated to be a CHINS may continue until the child reaches the age of twenty-one. Ind.Code § 31–30–2–1. The court must strictly comply with the requirements of the CHINS statutes in order to ensure the court's subject matter jurisdiction over a particular CHINS proceeding. *Mafnas,* 699 N.E.2d at 1212.

■ Here, the CHINS proceeding regarding T.G. was initiated the month prior to T.G.'s eighteenth birthday. At that point in time, the court had subject matter jurisdiction over the proceeding. However, the error occurred when the trial court held the fact-finding hearing and made the final determination as to T.G.'s status as a CHINS on June 1, 1999, after T.G. had reached the age of eighteen. Ind.Code § 31–9–2–13 clearly mandates an adjudication prior to the child's eighteenth birthday in order for the court to maintain jurisdiction over the child.

■ In order to avoid the effects of the court's lack of subject matter jurisdiction, the State asserts that Ind.Code § 31–9–2–13 and Ind.Code § 31–34–1–3 are in conflict and that the latter is controlling in this case. As we stated previously, Ind. Code § 31–9–2–13 defines "child" as it is used in juvenile law. Ind.Code § 31–34–1–3 states:

A child is a child in need of services if before the child becomes eighteen (18) years of age:

(1) the child is the victim of a sex offense under:

\* \* \* \* \* \* \* \* \* \* \*

(E) IC 35–42–4–7;

\* \* \* \* \* \* \* \* \* \* \* \*; and

(2) the child needs care, treatment, or rehabilitation that the child:

(A) is not receiving; and

(B) is unlikely to be provided or accepted without the coercive intervention of the court.

In making this argument, the State contends that "[t]here is no requirement that a finding of CHINS be made prior to the juvenile's eighteenth birthday [Ind.Code § 31–9–2–13] in order to invoke the jurisdiction of the court, only that the conditions which support a finding of CHINS exist prior to the child's eighteenth birthday [Ind.Code § 31–34–1–3]." Appellee's Brief at 19. We disagree.

Ind.Code § 31–34–1–3 does not provide a conflicting definition of the term "child" to that provided in Ind.Code § 31–9–2–13. Rather, Ind.Code § 31–34–1–3 defines the term "CHINS" for purposes of juvenile law in Indiana by providing one of many examples of circumstances in which a child may be considered a CHINS.[1] Ind.Code § 31–9–2–13, on the other hand, defines the term "child" for purposes of juvenile law in Indiana. These two statutes are not in conflict but merely define two different ideas in the same area of law.

■ Finally, the State argues that the Mother should not now be allowed to complain about the lack of jurisdiction because

---

1. Ind.Code §§ 31–34–1–1 through 31–34–1–11 provide us with the statutory instances in which a child may be considered a CHINS.

the fact-finding hearing was delayed based upon her request for a continuance. In so arguing, the State distinguishes this Court's decision in *Mafnas*, 699 N.E.2d 1210.

In *Mafnas*, the Owen County Office of Children and Welfare filed a petition alleging that the Mafnases had physically abused and neglected four of their children. Two months after the petition was filed, one of the children turned eighteen, and approximately one month after that occurrence, a fact-finding hearing was held on the petition to determine whether the children were CHINS. A panel of this Court determined that the trial court had subject matter jurisdiction only until the time that the child reached the age of eighteen and that the court's determination that the child was a CHINS made after the child's eighteenth birthday was void.

The State claims that *Mafnas* does not apply to the present case because the fact-finding was originally set for April 12, 1999, following Mother's plea but, based upon Mother's request for a continuance, the hearing was continued to a date after the date on which T.G. turned eighteen. The State further argues that if we conclude the trial court lacked jurisdiction to make a finding of CHINS, all parents who find themselves in the same situation with a child who is near their eighteenth birthday will continue the fact-finding hearing so as to strip the trial court of jurisdiction to make any determination.

Again, we disagree. Mother can request a continuance, but it is within the court's power to grant or deny that request. We presume that the court knows and follows the law, including Ind.Code § 31-9-2-13 which requires a CHINS adjudication to be made prior to a child's eighteenth birthday. Here, when Mother requested a continuance of the fact-finding hearing at the hearing on April 12, 1999, the GAL informed the trial court on the record that T.G. would be turning eighteen during the month of April. (Supp. R. 5).

We presume that the court knew the law at that time and, armed with this information, set the fact-finding hearing for May 11, 1999, nearly a month after T.G.'s eighteenth birthday. Thus, we find the court lacked subject matter jurisdiction to determine T.G.'s status as a CHINS. "When a court is without jurisdiction, it possesses the power to do nothing except enter an order of dismissal." *Mafnas*, 699 N.E.2d at 1212.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court lacked subject matter jurisdiction to determine whether T.G. was a CHINS after her eighteenth birthday. Thus, the trial court's order finding T.G. to be a CHINS is void.

We reverse and remand with instructions to dismiss this action.

KIRSCH, J., and RILEY, J., concur.